## JAMES TEIMAN v. THE STATE.

*No. 3174. Decided November 6.*

**1. Practice.—Severance.**—Defendants jointly indicted and prosecuted are entitled as a matter of right not only to sever, but, by agreement, to fix and indicate the order in which they shall be tried.

**2. Same—Case Stated.**—The appellant and Taylor and Norman were jointly indicted for arson. At the term of the court preceding this trial the joint defendants were awarded a severance, and Taylor was placed upon trial. Failure of the jury to agree upon a verdict operated a mistrial; and, at the succeeding term, Taylor applied, under article 669a of the Code of Criminal Procedure, for a continuance until his co-defendants should have been tried. His motion, signed only by himself, recited that it was "agreed by all the defendants in this cause that Teiman and Norman be first put upon trial." When the case was called as to Teiman and Norman they moved for a severance. The motion was refused upon the grounds that they were bound by the said recital in Taylor's application for continuance, and because all of the defendants had been represented throughout the proceedings by the same counsel. *Held*, that the ruling was error, because not having signed Taylor's application for continuance, Teiman and Norman were not bound by it. Moreover, the terms of Taylor's application can not be construed against Teiman and Norman as binding themselves to a joint trial, notwithstanding all of the parties were represented by the same counsel.

APPEAL from the District Court of Lavaca.   Tried below before Hon. George McCormick.

The conviction was for arson, and the penalty assessed against the appellant was a term of five years in the penitentiary.

The questions determined on this appeal do not require a statement of the evidence adduced on the trial.

*Patten & Allen,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—The appellant and Houston Taylor and Joe Norman were jointly indicted for arson.

At a former term of court the defendants, upon their own motion, were granted a severance, and Taylor was put upon his trial, but on account of a failure of the jury to agree a mistrial was had.   At the next succeeding term Taylor made application, under article 669a of the Code of Criminal Procedure, for a continuance, until his co-defendants, Teiman and Norman, had been tried, in order that he might avail of their testimony when he should be put again upon trial.   This motion was granted, and the case was continued as to Taylor.   The affidavit of Taylor for said continuance recites:   "And it is further agreed by all the defendants in this cause that Jim Teiman and Joe Norman be first put upon trial." When the case was called as to Teiman and Norman they asked for a severance; but the court, holding that because this recital or agreement in Taylor's motion for continuance (though the motion was only signed by Taylor), and because all the defendants had, throughout, been represented by the same counsel, was binding upon Teiman and Norman, refused to grant the severance.

We are of opinion that not having signed said agreement, these parties were not bound by it; and that even if bound, the language used is not limited to the construction that the parties intended to bind themselves that they should be tried together.   Nor does the fact that they were all represented by the same counsel, in our opinion, render such construction conclusive.

Under the law as it now is, defendants jointly indicted and prosecuted have not only the right to sever, but they have the right, by agreement, to indicate and fix the order in which they are to be tried.   Code Crim. Proc., arts. 669, 670.   Such severance is a matter of right.   Willey v. The State, 22 Texas Ct. App., 408.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.