## Ruth Smith v. The State.

### No. 4596. Decided February 17, 1909.

**1.—Theft from Person—Severance—Codefendant—Dismissal.**

When the defendant files a motion for severance as required by the statute he is entitled to a severance; or he is entitled to a dismissal of the case against his codefendant, so that he may use the latter's testimony free and untrammeled from any indictment or contemplated indictment.

**2.—Same—Case Stated—Practice in District Court.**

Where upon trial for theft from the person, the State dismissed the case pending against the codefendant for fraudulently receiving the said stolen property, after defendant's motion for severance; and thereupon filed another complaint against said codefendant for fraudulently receiving said property, and the codefendant was again arrested in the presence of the jury panel who tried de-

fendant and a severance refused, there was reversible error; and the same was not cured by a proffer of codefendant as a witness by the court and district attorney to the defendant. Distinguishing Hobbs v. State, 53 Texas Crim. Rep., 71.

Appeal from the District Court of Eastland. Tried below before the Hon. J. H. Calhoun.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stubblefield & Patterson,* for appellant.—On question of right of severance: Manor v. State, 45 Texas Crim. Rep., 370, 77 S. W. Rep., 786; Hobbs v. State, 112 S. W. Rep., 308; Brown v. State, 42 Texas Crim. Rep., 176, 58 S. W. Rep., 131; Buckner v. State, 52 Texas Crim. Rep., 271, 20 Ct. Rep., 547; Doughty v. State, 18 Texas Crim. App., 179; Shaw v. State, 39 Texas Crim. Rep., 232, 45 S. W. Rep., 597.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft from the person, and his punishment assessed at two years confinement in the penitentiary.

At the same time appellant was indicted, one Eugene McClure was indicted for receiving and fraudulently concealing the property which Ruth Smith is alleged to have stolen, and appellant made a motion to have Eugene McClure first tried, whereupon the district attorney made a motion to dismiss the case against said McClure because the District Court of Eastland County did not have jurisdiction to try the case, which motion the court overruled, and thereupon the district attorney made a motion to dismiss the case against McClure because the evidence was not sufficient to warrant a conviction against said McClure, which motion the court sustained, and thereupon the State filed in the justice court and before a magistrate an affidavit charging the said Eugene McClure with receiving and fraudulently concealing the property which Ruth Smith is alleged to have stolen, and the sheriff of Eastland County then, in the presence of the regular panel of jury for the District Court, again arrested the said Eugene McClure, and under all these circumstances Ruth Smith was required to go to trial, and the court refused to have the case of Eugene McClure first disposed of. The bill presenting this matter has the following statement of the trial judge on same: "That terms of court for Eastland County held for eight weeks and this trial was during the last week of the term allowed by law. At the time of overruling of motion for severance, the attorney for the State declared that he was willing for the said Eugene McClure to be sworn and testify as a witness for the defendant without objection by the State on account of said recent

arrest or charge for complicity in the same crime, and the judge consented thereto, and during the trial of this case against Ruth Smith, the district attorney for the State, and the judge presiding, tendered the witness Eugene McClure to the defendant with the assurance that he might testify without objection on account of his being charged with participating in said crime, and defendant's attorney declined to accept said offer or to attempt to use said Eugene McClure as a witness."

The question of severance was exhaustively treated by this court in the late case of Hobbs v. State, 53 Texas Crim. Rep., 71, 112 S. W. Rep., 308, which case overrules the Puryear case, and quotes with approval the case of Brown v. State, 42 Texas Crim. Rep., 176. While, as held in the Hobbs case, above cited, and the Brown case, that the defendant has no statutory right to have a codefendant placed on actual trial, yet there must be some element of good faith in an effort on the part of the district attorney to comply with the provisions of the severance statute. When the defendant files a motion for severance as required by the severance statute he is entitled to a severance, or as stated in the above cited cases, he is entitled to a dismissal of the case. And it is no answer to this question to say that the district attorney can dismiss the indictment, as the above detailed facts show, and then file a complaint charging identically the same crime against the defendant, and then propose to the defense that they may use the witness thus discredited as though there had been no complaint against him. We do not think the learned trial court's explanation renders the action of the court harmless, but rather emphasizes the error committed. Why go through the circumlocution displayed, in this matter, when the same result or proposition could have been made by the district attorney before dismissing the indictment? If that would have been according to the spirit of the statute he could have suggested to counsel that he would not argue or urge the fact that the codefendant was even indicted; that it would not even be alluded to in any way during the trial. This statement could just as readily have been made without dismissing the indictment against the defendant, and having an affidavit filed as it could by dismissing the indictment, and then making the proffer to the defense as contained in the explanation of the court. The purpose, object and spirit of the severance statute was to award to the defendant under proper circumstances the testimony of a codefendant free and untrammeled as near as possible from any indictment or contemplated indictment. We, therefore, hold that the court erred in refusing to release appellant entirely or else to have tried him according to the terms of the statute.

For the error discussed, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*