HERBERT BATCHAN V. THE STATE.

No. 9963.   Delivered April 14, 1926.

Rehearing denied State May 19, 1926.

**1.—Murder—Severance—Bill of Exception—Practice in Trial Court.**

Where, on a trial for murder, appellant presented his proper motion for a severance that his co-defendant Wilkes, be first tried. This motion was overruled, and when appellant presented his bill of exception, complaining of this action of the trial court, his bill was qualified by the court, to which he then and there excepted. Thereupon the trial court set down a day for the hearing of this controversy, at which time appellant's counsel failed to appear, and the hearing was not held, and thereupon the court made what is denominated a statement which appears in the record.

**2.—Same—Continued.**

The statutes and decisions of this state make plain the proper practice in case there is objection to the qualification of a bill of exception, but makes no provision for the formation of any fact issue in the trial court or the introduction there of any testimony to determine which is correct, the qualification or the objection thereto.

**3.—Same—Continued.**

If the accused refuses to accept a bill of exception as qualified, the court must file his own bill, and if this be not acceptable the accused may file a bystander's bill.

**4.—Same—Severance—Practice in Trial Court.**

We do not understand that in an affidavit for severance, the testimony expected from the co-indictee if acquitted, must be set up. As presented in this cause the action of the trial court was erroneous, nor are we able to satisfy ourselves that no error was committed in overruling the request for severance. See Forcey v. State, 29 Texas Crim. App. 408; King v. State, 35 Texas Crim. Rep. 472.

**5.—Same—Evidence—Held Insufficient.**

A careful examination of the evidence disclosed in the record fails to satisfy us that it is sufficient to sustain the conviction of murder, carrying with it the death penalty. The court's failure to properly charge the jury on the law of self-defense raised by the testimony, and of appellant's right to kill deceased in the defense of Wilkes, are very persuasive of our belief that this judgment should not be allowed to stand, and the judgment is reversed, and the cause remanded.

### ON REHEARING BY STATE.

**6.—Same—Transcript on Appeal—Should Reflect the Truth.**

On motion for rehearing by the State, our attention is called to the fact that the transcript shows that the motion for a severance, for some reason unknown to us, bears date and file mark of March 21, 1925, the trial having begun on February 21, 1925, and therefore the motion for severance was not presented until after adjournment of court. An examination of the record convinces us that the motion for severance was presented on March 6, and before the trial began, and the state's motion for rehearing is overruled. It is to be deeply regretted that records in causes involving the lives and liberties of citizens should contain errors when presented on appeal to this court. There seems to us no excuse for such failure in this record.

Appeal from the District Court of Orange County. Tried below before the Hon. B. H. Stark, Judge.

Appeal from a conviction of murder, penalty assessed at death.

This is a companion case of Frank Wilkes v. State, No. 9863, opinion handed down February 17, 1926. The facts are substantially the same as those appearing in that case and are fully stated in our opinion therein.

*McCall & Crawford* of Conroe, for appellant.

*Hillis M. Kincaid,* County Attorney of Orange County; *Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction in District Court of Orange County of murder; punishment fixed at death.

This is a companion case to Frank Wilkes v. State, No. 9863, opinion handed down February 17, 1926. The facts are substantially the same as those appearing in the record in that case, and are fully stated in our opinion therein. The State has in this case an additional witness, a Mrs. Dean, who was not used in the Wilkes case. Her testimony is contradictory in some respects of that both for the State and the defense, but it is not necessary to discuss it in our view of the proper disposition of this appeal.

Appellant asked a severance, setting up that Ben Wilkes was indicted for complicity in the same transaction, and, in the usual form, asking that said Wilkes be first tried. The learned trial judge appended a qualification to the bill of exceptions complaining of the overruling of this request for severance. To this qualification appellant objected and excepted. Thereupon the trial court set down a day for a hearing of the matters thus in controversy and notified appellant's counsel to appear at said hearing. For reasons deemed sufficient appellant's counsel did not appear, alleging their inability so to do. The hearing was not had, but in its place the court below made what is denominated a statement, which appears in the record. The statutes and decisions of this State make plain the proper practice in case there is objection to a qualification placed or offered to be placed on any bill of exceptions; but no provision is made for the formation of any fact issue in the trial court, or the introduction there of testimony to determine which is correct, i. e. the qualification or the objection thereto. If the accused refuse to accept a bill of exceptions as qualified, the court must file his own bill, and if this be not acceptable the accused may file a bystander's bill. We do not understand that in an affidavit for severance the testimony expected from the co-indictee if acquitted, must be set up. Nor are we able to satisfy ourselves that no error was committed in the court overruling the request for severance. Forcey v. State, 29 Texas Crim. App. 408; King v. State, 35 Texas Crim. Rep. 472.

As we view this record there appears slight evidence supporting the proposition that appellant intentionally fired any gun. Mrs. Watson, a disinterested witness, was looking at the transaction and gives practically the only testimony, aside from that of appellant, as to the actual beginning of the

trouble. She said she saw a truck stop and a man jump on the running board of same and begin to tussle with another man like they were trying to get hold of a gun that was sitting between the people in the truck, and that in an instant said gun went off straight up in the air, just at which time another man appeared on the side of the street next to her; that when the gun went off in the air some one shot this man who had just appeared. From other testimony it is clear that the man in the truck who "tussled with" the man trying to take from him the gun—was appellant. It appears also that the man who shot, was Wilkes. No conversation, acts or conduct of Wilkes and appellant appear in the record indicating any agreement or collusion on their part to make an attack upon the white men. Indications are the other way. The Wilkes and Prejean were rival meat sellers in the town of Orange, each apparently using a truck in the delivery of meat. The Prejean truck for some undisclosed reason was parked on the wrong side of the street as the negroes, Wilkes and appellant, came down the street in their truck. As the truck containing the negroes approached the point where the Prejean truck was parked, Morris and Prejean seem to have advanced from their truck toward the negroes. Fifteen or twenty minutes before this killing Morris had gone in a blacksmith shop and gotten from said place a part of a hickory buggy shaft and, according to the State's own witnesses, this piece of wood, which one witness described as resembling a small baseball bat or wagon spoke, was lying by the hand of Morris after the shooting was over. There is strong suggestion that the difficulty was begun by the white men. The killing was at the truck of the negroes.

In view of our disposition of the case, it is suggested that the charge of the court upon another trial should submit fully the issues of self-defense not only of the person of appellant but also of Wilkes. There is no testimony of threats or ill-will or motive for the killing on the part of appellant, and it is only suggested that there might be animosity between deceased and the Wilkes growing out of their competition in the meat business. If Prejean and Morris made an attack directed against Wilkes or appellant or both, appellant's right of self-defense would obtain as fully against an attack upon Wilkes, his companion, as if the attack was directed at appellant.

Believing the learned trial judge fell into error in the matter of the refusal of the application for severance and that it was vital, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE. — The state moves for a rehearing, asserting that the motion for severance, which we held should have been granted, was filed after the trial term of the court below ended, and that said motion for severance was not presented in the trial court during term time nor considered. Examination of the record shows that for some reason unknown to this court, the motion for severance which appears in the record bears date and file mark as of March 21, 1925. The trial in the court below began on February 21, 1925. The trial term ended on March 6th of said year.

We note, however, that in appellant's motion for new trial filed on March 6th, 1925, he complains of the overruling of his motion for severance. We also note that in his bill of exceptions No. 1 he complains of the refusal of the court to grant a severance, a copy of his application therefor being set out in said bill of exceptions and showing to have been presented on February 21, 1925. Also in resistance to the state's motion for rehearing herein appellant presents duly certified copies of minute entries of the court below showing the docket orders at the trial term of the court, from which it appears that on February 21, 1925, the court made the folloming order: "2-21-25. * * * Defendant's motion for severance overruled and defendant excepts and said cause proceeded to trial." It is to be deeply regretted that records in causes involving the lives and liberties of citizens should not come to appellate courts exactly portraying the proceedings in the court below. There seems no excuse for such failure in this record. When there is, we have to do the best we can to get at the truth of the record. We feel sure from the facts before us that the motion for severance was before the trial court, and was refused on the day this trial began.

The motion for rehearing is overruled.        *Overruled.*