JACK PEDDY v. THE STATE.

No. 14526.   Delivered June 24, 1931.

The opinion states the case.

*J. W. Ellington* and *Maurice Short,* both of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery as an accomplice; the punishment, confinement in the penitentiary for ninety-nine years.

Appellant filed an application for a severance, showing that ten others were by separate indictments charged with the same offense for which he was being placed on trial. The affidavit accompanying the application appears to be in compliance with statutory requirements. It appears that one Dewey Parker also filed a like application. Three of those named in the application were fugitives from justice. It appears that Hancock, Bowen, Richardson and Riley, who were also named in the application as being under indictment for the same offense, were ready for trial. They would have given material testimony for appellant. When two or more persons are charged with the same offense and their cases are pending in the same court, the duty to grant a severance when properly sought is imperative, unless a continuance would result. Vargas v. State, 104

Texas Crim. Rep., 283, 284 S. W., 564. The court qualified appellant's bill of exception with a statement as follows: "Every other day of this term of court had a case already set and some of them more than one, which would have necessitated a continuance of the Peddy Case, had the motion been granted for Hancock, Bowen, Richardson and Riley." It is observed that appellant's case was tried on March 6, 1931, and that the term of court at which appellant was tried would not have expired until March 19 of the same year. In any event we do not understand that the trial judge is warranted in refusing to grant a severance solely because he has theretofore set apart certain days of the term for the trial of other cases and that by reason of such settings of other cases a continuance of the case in which the severance is sought will result. However, we do not deem it necessary to decide this question, as the circumstances are such as that we feel constrained to consider the bill of exception as if the same had not been qualified. Giving effect to the precedents, we are constrained to hold that the application for severance should have been granted.

It was alleged in the indictment that Dewey Parker committed the offense, and that appellant, not being present at the commission of said offense, and prior to its commission, did unlawfully and wilfully furnish arms and aid to said Dewey Parker. It was incumbent upon the state, in order to meet the allegations of the indictment, to prove beyond a reasonable doubt that Dewey Parker committed the offense in the manner alleged in the indictment and that prior to the commission of said offense, appellant prepared and furnished arms and aid to said Parker for the purpose of assisting in the commission of the offense. Waybourn v. State, 113 Texas Crim. Rep., 50. In an attempt to support the allegations of the indictment, the state used three accomplice witnesses, none of whom entered the bank when the offense was committed. They testified to the fact that appellant and his co-conspirators made preparation for the commission of the offense and to the further effect that after the offense had been committed they were present with appellant and Parker when the spoils were divided. Moreover, they testified that they aided Parker in making an escape. Other than in the testimony of the accomplice witnesses, Parker's name seems to be referred to but one time in the statement of facts. State's witness Murphy, who was outside of the bank at the time the robbery was committed, testified that he saw two men come out of the bank with a sack and enter an automobile which was parked nearby. This witness said: "Parker took the steering wheel and the other fellow got in. I had never heard of Parker before that time and have not seen him since, until the other day when I went to the jail and talked to him." Upon objection being made, the court withdrew from the consideration of the jury the statement of the witness that he went to the jail and talked to Parker. The witness did not even

refer to the man as Dewey Parker. He said that he could not see how the two men were dressed and that he did not pay much attention to them. No effort was made to have him identify Dewey Parker as one of the men who came out of the bank and entered the automobile. The employees of the bank were unable to identify the parties who entered the bank and held them up at the point of a pistol. We call attention to the insufficiency of the corroboration of the accomplice witnesses in view of the fact that the state may be in position upon another trial to offer further evidence touching the identity of Dewey Parker as a principal in the commission of the offense.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.