## H. W. McBride v. The State.

No. 15405. Delivered June 1, 1932.
Reported in 51 S. W. (2d) 337.

550

The opinion states the case.

*R. L. Sullivan,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for twelve years.

Appellant was arrested along with Schuyler B. Marshall, Jr., Herbert Scales, and Bob Kelly on a charge of burglary of a bank in the town of Ferris, Ellis county, Texas. The night watchman in Ferris testified that two parties held him up at the point of a pistol, robbed him of his pistol and flashlight, carried him with them to the bank, broke into the building, and attempted to enter the vault. He was unable to identify the parties. It appears from the testimony of the watchman that the parties were unable to gain entrance into the vault, and, becoming frightened, left him alone in the bank. In the present instance, appellant was on trial for the robbery of the night watchman. After his arrest, appellant made a written statement in which he detailed the facts and circumstances surrounding the robbery of the night watchman and the burglary of the bank. In this statement appellant named Schuyler B. Marshall, Jr., Herbert Scales, Bob Kelly, himself and others as participants in the commission of the offense. On the trial, appellant testified in his own behalf. He declared that he made the written statement under the promise of certain peace officers of Dallas county that he would not be prosecuted, and, further, that the officers threatened to place his wife in jail unless he confessed. He said these officers advised him that they desired to secure a statement implicating Schuyler B. Marshall, Jr., and others, and that they were not interested in prosecuting him. Further, appellant testified that the statement he made was false, and declared that he was not in the town of Ferris on the night of the commission of the offense, and that he had no connection whatever with the transaction. He said the officers furnished the details of the confession, and testified that he did not know any of the details himself, but merely signed the confession after the officers had told him what had occurred on the night of the commission of the offense.

In rebuttal, the state introduced the officers who had talked with appellant before he made the confession. They denied everything appellant said relative to promises made to induce him to confess, and declared that appellant furnished the details of the confession without any aid on the part of any one present at the time.

Appellant and Schuyler B. Marshall, Jr., were indicted in the district court of Ellis county for the same offense, but by separate indictments. We learn from bill of exception No. 2 that appellant, preliminary to his announcement of ready for trial, filed under oath a motion to sever, which omits none of the essential elements of such motion as required by article 651, C. C. P. The court overruled the motion. It appears from the qualification of the trial judge appended to the bill of exception that Schuyler B. Marshall, Jr., had been placed on trial on a charge of burglary of the bank on Monday, February 8, 1932; that this trial lasted until Thursday, February 11, 1932; that on Monday, February 15, 1932, appellant's case was called for trial; that the case against Schuyler B. Marshall, Jr., charging him with the robbery of the night watchman had not been set down for trial on the date appellant's case was called; that when appellant's case was called for trial Marshall was not in court, and had not been summoned as a witness for appellant; that it was not known nor shown that Marshall's presence could have been obtained; that it was not shown that he would have been available and could have been used as a witness for appellant, nor that he could have been put on trial first; that no special venire had been summoned to try Marshall's case; that it was near the end of the term and the granting of a severance would have necessitated a continuance of both cases; that the district attorney agreed to permit Marshall to testify in behalf of appellant, notwithstanding the indictment against him. As heretofore stated, appellant's case was called for trial on February 15, 1932. The term of court at which appellant was tried adjourned on the 5th day of March, 1932, approximately three weeks after appellant was brought to trial. Appellant's trial lasted approximately five days. It appears that there would have been sufficient time to have tried both cases before the end of the term. The mere fact that Marshall was not in the court room at the time appellant filed his motion for a severance would not, in itself, warrant the conclusion that he was not available for trial. He was under bond to appear. He had theretofore been on trial in another case a few days before appellant's case was called for trial. It appears that no effort was made to forfeit Marshall's bond. The mere fact that Marshall's case had not been set for trial and that no special venire had been ordered would not, in our opinion, warrant the conclusion that he could not, during that term of court, have been tried. There was nothing to show that he was a fugitive from justice. Again, the fact that the district attorney offered to permit Marshall to testify cannot be held good ground for denying the severance.

The conclusion of the trial judge that a continuance would have resulted was not, in our opinion, warranted, in view of the reasons stated in the qualification for reaching such conclusion.

When two or more persons are charged with the same offense, and their cases are pending in the same court, unless a continuance would result, the duty to grant a severance, when properly sought, is imperative. Vargas v. State, 104 Texas Crim. Rep., 283, 284 S. W., 564, and authorities cited. Again, it is the holding of this court that the purpose, object, and spirit of the severance statute is to award the accused, under proper circumstances, the testimony of a codefendant free and untrammeled as near as possible from any indictment. Branch's Annotated Penal Code, sec. 734; Terry v. State, 45 Texas Crim. Rep., 264, 76 S. W., 928; Smith v. State, 55 Texas Crim. Rep., 328, 116 S. W., 572. In Peddy v. State, 118 Texas Crim. Rep., 603, 40 S. W. (2d) 153, this court said that it did not understand that the trial judge was warranted in refusing to grant a severance solely because he had theretofore set apart certain days of the term for the trial of other cases, and that by reason of such setting of other cases a continuance of the case in which severance was sought would result. Here the principal reason for the conclusion that a continuance would have resulted is shown in the qualification to the effect that Marshall's case had not been set, and that he was not in court on the day appellant's case was called for trial. We are constrained to hold that the bill of exception reflects reversible error.

After the court had overruled appellant's motion for a severance, appellant filed his first application for a continuance or postponement, alleging, in substance, that he had been incarcerated in jail since his arrest, and that he had not been permitted to confer with his attorney except in the presence of an officer. Further, it was averred that appellant had not had an opportunity until the day his case was called for trial to advise his attorney that his purported confession was made at the instigation of the officers, by persuasion and coercion, after he had told them that he had nothing to do with the commission of the offense; that several persons whose names he did not know, but whom he could describe, and whose presence he believed he could obtain if granted a postponement, were in and out of the sheriff's office at the time he was making his statement and heard the promises and statements made to him by the officers at the time; that he did not tell his attorney, and had no opportunity to tell him until his case was called for trial, that he had not participated in the commission of the offense, but, on the contrary, was in Dallas at the time of the commission thereof, and talked to numerous people whose names he could not give, but whom he could describe if given an opportunity to summon them; that if the case was postponed he believed he could secure these witnesses and prepare himself for trial; that due to the

fact that he had been unable to confer with his attorney privately and confidentially he had been unable to prepare for trial.

The court heard testimony on the application. The sheriff of the county testified that the case of Schuyler B. Marshall, Jr. was being tried during the week from February 8 to February 11, and that during that time he would not permit appellant's counsel to confer with him, except in the presence of an officer. Further, he testified that appellant's counsel presented himself the day before Marshall was brought to trial and that he refused to let him talk to appellant in the absence of an officer. He said that, if appellant's counsel had come to the jail after Marshall's trial had been concluded, he would have permitted him to have conferred with appellant in the absence of an officer. It appears, further, from the testimony heard on the motion that on February 8, 1932, the district judge directed to the sheriff the following order: "I hereby direct you and each of your deputies to permit and allow R. L. Sullivan, an attorney, to see one H. W. McBride (appellant), a prisoner in your custody, and to do this immediately upon the presentation of this order to you, and to talk with said McBride in your presence, or that of one or more of your deputies." In qualifying the bill of exception, the court states that, after the termination of Marshall's trial, he would have permitted appellant's counsel to talk with appellant privately and confidentially if he had made such request; that appellant's counsel made no effort to talk with appellant after the termination of Marshall's trial until the day appellant's case was called for trial; that, if he had presented himself at the jail, he would have been permitted during the three days intervening between the conclusion of Marshall's trial and the beginning of appellant's trial to talk with appellant privately and confidentially; that on the day appellant's case was called for trial appellant's counsel went to the jail and requested permission to have a confidential talk with appellant; that there were some prisoners loose in the corridors of the jail, and the jailer advised counsel that it was inconvenient at that time for him to talk to appellant, but that, if he would come back again when he had the prisoners out of the corridors, he could have the privilege of talking to him; that appellant's counsel testified on cross-examination of the hearing that he made no appearance at the jail, nor attempted to talk to appellant from the time Marshall's trial ended on February 11th until the following Monday morning, February 15th; that witnesses had changed their testimony in the trial of Marshall; and that the court was taking precaution to prevent interference with the witnesses.

In Turner et al. v. State, 91 Texas Crim. Rep., 627, 241 S. W., 162, 23 A. L. R., 1378, the appellants presented a motion to postpone the trial, alleging that from the time of their arrest until the day before the trial the officer having them in custody denied them the privilege of a conference with their counsel, as contemplated by the laws of the land,

and that they were only permitted to talk to their counsel in the presence of the jailer. The postponement was requested on the theory that by the delay the appellants would be able, by description, to identify the persons with whom they had talked in a town other than that where the offense was committed. It was alleged that they were unacquainted with the names of the parties they had seen and who would testify in support of their defensive theory of alibi, but that they could furnish such description as would enable the attorneys, upon investigation, to identify them. The motion was denied. This court, in concluding that error was manifested, referred to the Bill of Rights (section 10), which reads as follows: "He shall have the right of being heard by himself or counsel or both, shall be confronted with the witnesses against him, and shall have compulsory process for witnesses in his favor."

In the course of the opinion, the court, speaking through Presiding Judge Morrow, used language as follows: "The demand of the Constitution that one accused of crime shall be accorded the benefit of counsel is not satisfied when the officer having the prisoner in custody requires that he be present at the interview. The law contemplates a private and confidential communication between the attorney and client. It seals the mouth of the attorney. His client may freely disclose to him all pertinent matters, but, if they are heard by the sheriff, his mouth is not sealed. A communication ceases to be privileged when uttered in the presence of a third party. The insistence in the instant case that the sheriff be present amounts to a denial of the privilege guaranteed by the Constitution."

Again, we quote from the opinion as follows: "While one accused of crime is charged with diligence in the preparation of his case for trial, the failure to prepare can not be laches when it is due to the action of the officer who has charge of the prisoner in denying the privilege of consultation with his counsel. Reasonable opportunity to prepare for trial cannot be justly denied."

The opinion is expressed that, under the decisions of this court, appellant was denied the privilege of a conference with his counsel as contemplated by the Constitution. When appellant finally had the opportunity of revealing to his counsel that there was evidence which would support his testimony to the effect that he was innocent, his motion to postpone the trial for a reasonable time was a request which should not, under the facts, have been refused.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.