## JACK JACKSON v. THE STATE.

No. 15790. Delivered April 5, 1933.
Reported in 58 S. W. (2d) 1014.

The opinion states the case.

*McGaw, Mitchell & Erisman,* of Longview (*Fred Erisman,* of Longview, of counsel), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for conspiring to commit the crime of theft, punishment being assessed at four years in the penitentiary.

It is not necessary to set out the testimony. It was substantially alleged in the indictment that appellant, Ben Ray, R. C. Still, C. A. Parker, Marvin Anderson, and H. H. McCown entered into a conspiracy with one another to steal 200 barrels of crude petroleum.

When the case was called for trial, appellant requested a severance, asserting that he desired the testimony of his co-indictees, whose evidence was material for his defense, and that he verily believed there was not sufficient evidence against any of said parties to convict them, and asked that they be first tried. This request was refused. The bill shows that none of the defendants from whom appellant was seeking to sever had filed motions for severance.

Articles 650 and 651, C. C. P., are as follows:

"Two or more defendants jointly prosecuted may sever in the trial upon the request of either."

"Where two or more defendants are prosecuted for an offense growing out of the same transaction, by separate indictments, either defendant may file his affidavit so stating, and that the evidence of such other party or parties is material for the defense of the affiant, and that affiant believes that there is not sufficient evidence against said party or parties to secure his or their conviction; and such party whose evidence is so sought shall be tried first. Such affidavit shall not, without other sufficient cause, operate as a continuance to either party."

So far as we discern, the motion for severance filed by appellant is in strict compliance with the articles quoted. It is not claimed that the severance would have operated as a continuance, nor does the trial court explain upon what ground the severance was denied. The error regarding this matter would alone demand a reversal. The accused is entitled to a severance as an absolute right when the terms of the statute are complied with. See collated cases under section 734, Branch's Ann.

Tex. P. C., and in note 2 under article 650, Vernon's Ann. Tex. C. C. P., vol. 2; McBride v. State, 51 S. W. (2d) 337; Vargas v. State, 104 Texas Crim. Rep., 283, 284 S. W., 564.

The state introduced appellant's confession. An issue was raised that it had been secured by threats, inducements, and promises which rendered it other than voluntary. This issue was submitted to the jury. Appellant sought and was refused a continuance for a deputy sheriff who had been served under process issued by the state, but who was absent. His expected testimony as stated in the application for continuance was most material to appellant regarding the circumstances under which the confession was made.

Bill of exception number five reflects the following: Appellant and Ray (a co-defendant) were in jail. Officers were trying to get appellant to make a statement. He refused, and officer Gant asked him if he knew the oil was "hot," to which appellant replied that he did not. Ray was then brought in, and in his presence Gant asked appellant if he still stuck by his story. When appellant replied that he did, Ray pointed his finger at appellant and said, "Jackson, you know damn well you knew that oil was stolen just like all the rest of us did." Testimony to the foregoing facts was given by M. H. Gibson over appellant's objections, one of which was that the acts and conduct of the alleged coconspirator Ray were not admissible against appellant; that they occurred after the consummation of the alleged conspiracy, and were ex parte statements highly prejudicial to the rights of appellant. It is not shown that appellant made any reply to the accusation. If he had done so, proof of it would have been inadmissible. The objection should have been sustained. Both appellant and Ray were in jail. Appellant was in no way responsible for Ray's statement, which was made long after the conspiracy had terminated. It is true the statement was made in the presence of appellant and was a direct charge against him, but it demanded no reply as appellant was under arrest. Simmons v. State, 50 Texas Crim. Rep., 527. For collated authorities, see section 64, Branch's Ann. Tex. P. C. That the statement was hurtful to appellant does not admit of debate.

For the errors pointed out, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*