## T. M. BROWN v. THE STATE.

No. 16435. Delivered March 14, 1934.
Reported in 69 S. W. (2d) 411.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

Appellant was indicted April 13, 1933, and a verdict of guilty returned on June 15th. The court adjourned on July 1st. The motion for new trial was filed in the trial court and overruled on the same day, but by inadvertence was not copied into the minutes until, by a nunc pro tunc entry, it was recorded October 6, 1933. The statement of facts was not filed until October 20, 1933.

It appears that for the offense two were indicted besides the appellant. One of them was the appellant's wife, and the other was Chester White, who was charged by separate indictment.

Bill No. 1 is in substance to the effect that Chester White had been charged by separate indictment for the same criminal act as the appellant, and appellant made a motion for a severance to the end that the testimony of White might be used in evidence in behalf of the appellant. Upon presentation of this motion, the district attorney announced that the state would consent to Chester White's testifying as a witness on the trial, and according to the bill, White was tendered as a witness to the defendant by the state's attorney. Upon the happening of this occurrence, the court overruled the appellant's motion for a severance, to which exception was duly reserved. In qualifying the bill, the court states: "That the witness, Chester White,

was sworn as a witness in behalf of the defendant upon the trial hereof and after giving certain testimony, as disclosed by the statement of facts, said witness declined to further testify on the ground that such testimony might incriminate him."

It affirmatively appears from the recitals in the bill of exception, as qualified by the court, that appellant had complied with the law entitling him to a severance to the end that White might be tried first and if acquitted his testimony made available to the appellant. In lieu of ordering a severance and the trial of White, the court denied the severance upon the suggestion of the district attorney that White be used as a witness for the appellant. It does not appear that appellant acquiesced to the use of White as a witness in lieu of the severance. It does appear that the court overruled the appellant's motion for a severance. It further appears that White availed himself of his privilege to refuse to testify fully as a witness upon the trial of the appellant. As stated above, the statement of facts is not available to this court for the reason that it was filed too late after the adjournment of court; nor is there in the record a formal motion for a severance. However, the bill of exception, approved by the court, recites that the reason for overruling it was that the district attorney had tendered White as a witness in behalf of the appellant. The court's action plainly implies that the application for a severance was in conformity with the law and the only reason for overruling it was that stated above, which was not binding upon the accused in the absence of his acquiescence, which it apears from the record was wanting.

Another bill of exception reveals that upon the trial the appellant called his wife as a witness, when the district attorney stated: "I could prevent your using Mrs. Brown, wife of defendant, as a witness for the defendant, because she is under indictment for the same offense; but the state urges no objection to her testimony, and I am tendering her to you for what it is worth."

Appellant objected to these remarks in the presence of the jury. The law disqualified Mrs. Brown as a witness under the circumstances stated. We are unable to state just what the legal effect of the statement of the district attorney to which exception was reserved may have been, but the statement made by him was not a proper one, and for that matter, it was not proper for the appellant to call his wife as a witness, he knowing that she was indicted. Touching the other matter, however, the granting of a severance, properly sought and unopposed by the parties to the transaction and causing no delay of the trial, is understood to be a matter of right. See article 651, C. C. P.,

1925. Upon the record here presented the duty of the trial judge to order the severance was imperative. No examination or reference to the statement of facts was necessary. See King v. State, 35 Texas Crim. Rep., 472, 34 S. W., 282; also Bryan v. State, 97 Texas Crim. Rep., 79; Batchan v. State, 104 Texas Crim. Rep., 228; Vargas v. State, 104 Texas Crim. Rep., 283; Jackson v. State, 58 S. W. (2d) 1014; McBride v. State, 51 S. W. (2d) 337.

Upon the record before us, we are constrained to order that the judgment be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*