## J. C. WILLIS v. THE STATE.

No. 21421. Delivered February 5, 1941.

Rehearing Denied March 5, 1941.

298

The opinion states the case.

*John Davenport* and *W. W. Ballard,* both of Wichita Falls, and *Homer Bishop,* of Seminole, Okla., for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an unlawful assembly, and by the jury punished by a sentence of three months in the county jail.

It appears from the evidence that on a certain oil lease in Archer County six men were at work moving an oil rig, being employed to do so by the owner of the lease. That appellant, in company with some seventeen or eighteen other men, came upon such lease and began a conversation with the men working thereon. The burden of this conversation seemed to be that these men wanted the workers to join the union, which request these workers refused. The talk began to grow rather rough, and some one took the key out of the ignition on the truck being used to move this rig, and finally the visitors left, after making

some threats directed at these six men working on this lease.

After these rig movers had completed their task, they got in their automobile, to which was attached a trailer full of their tools, and started away from the lease on a public road. This was some hours after this first visit. As these laborers came out on the public road they were eventually stopped by men in two cars, many of whom were in the crowd who had earlier appeared on the lease, which men had hatchets, wrenches and clubs in their hands, and the men in these two cars then began an unprovoked assault upon these six laborers, and inflicted many cuts, bruises and contusions upon them. Among these attackers was the appellant, who cursed the foreman of these laborers, and told him "don't you come back here any more," while he was beating such foreman.

The grand jury of Archer County indicted nineteen men for this unlawful assembly, all in the same indictment. At the time of the trial, however, the county attorney of that county had filed a separate complaint and information against appellant, upon which separate pleadings this cause went to trial.

At the proper time appellant filed a motion for a severance, and a request that these nineteen defendants be tried in a certain order, stating in such motion that they were all charged with the same offense, and that the defendants had agreed on such order of trial. The trial court overruled such a request for severance, and proceeded with the trial of this appellant under the complaint and information. To this action of the court appellant duly excepted. That appellant was entitled to such a severance as a matter of right is shown by our statutes, Art. 651 of the Code of Criminal Procedure, which reads as follows:

"Where two or more defendants are prosecuted for an offense growing out of the same transaction, by separate indictments, either defendant may file his affidavit so stating, and that the evidence of such other party or parties is material for the defense of the affiant, and that affiant believes that there is not sufficient evidence against said party or parties to secure his or their conviction; and such party whose evidence is so sought shall be tried first. Such affidavit shall not, without other sufficient cause, operate as a continuance to either party."

And immediately thereafter we find Art. 652, C. C. P., as follows:

"If a severance is granted, the defendants may agree upon the order in which they are to be tried, but if they fail to agree,

the court shall direct the order of the trial."

In the case of King v. State, 34 S. W. 282, it is held that upon a proper motion, the right to a severance is absolute.

In the case of Ligon v. State, 198 S. W. 787, we find a case with similar facts to the present case. Ligon was charged by complaint with an unlawful assembly with others, and at the inception of the trial he filed his motion for a severance, which motion complied with the statute. This motion was overruled. This court, speaking through Judge Morrow, said:

"It was alleged in the information that in committing the offense charged appellant acted with a number of other persons named in the pleading. Appellant made a timely motion for a severance and for separate trials, to which motion he attached the separate informations against several coprincipals. Article 791, Code Cr. Proc., makes those who were charged with the same offense growing out of the same transaction incompetent witnesses for appellant. And article 781, supra, and article 91, P. C., provide that where so indicted they may claim a severance and if any one or more be acquitted, they may testify in behalf of the others. Article 727, C. C. P., provides the procedure for obtaining severance. Appellant's motion was in full compliance with the article last named, averring under oath that the evidence of his codefendants charged by separate information would be material to his defense, and that he verily believed there was not sufficient evidence against them to secure a conviction. The order of trial was suggested in the affidavit, and no opposition filed to it so far as disclosed by the record. There is no reason assigned, so far as the record before us discloses, for the refusal to grant the motion to sever. The appellant having complied with the statute in making his application for a severance, to which the statute entitled him, the court was without discretion to overrule it without sufficient reasons, which should be shown in the record. Branch's Ann. P. C., pp. 375, 376, and cases cited.

Because of the refusal of the court to grant the order of severance, the judgment of the lower court is reversed, and the cause remanded."

That this rule of severance is applicable in a misdemeanor case as well as a felony is held in Sealey v. State, 47 S. W. (2d) 835, which case was reversed by Judge Lattimore because of the trial court's refusal to grant a severance in a trial for an

alleged disturbance of the peace said in the motion to have been jointly committed by that appellant and another.

Again we held in Jackson v. State, 58 S. W. (2d) 1014:

"The accused is entitled to a severance as an absolute right when the terms of the statute are complied with. See collated cases under section 734, Branch's Ann. P. C., and in note 2, under article 650, Vernon's Ann. Tex. C. C. P. Vol. 2; McBride v. State, 51 S. W. (2d) 337; Vargas v. State, 104 Tex. Cr. R. 283, 284 S. W. 564."

This doctrine had been forcefully laid down by Judge Hurt in the case of Shaw v. State, 45 S. W. 597, in the following language:

"He (Shaw) had a right to have Wilson (a co-defendant) tried first, and, if acquitted, he might use him as a witness, unburdened by the pending prosecution against him,—a right for him to testify as any other citizen, free from the particular charge, he being acquitted thereof, and not testify under a cloud, and perhaps believing that, by testifying strongly against the appellant, it would go easier with him in his case."

There are other matters that are presented to us in appel-pellant's brief that we do not think are necessary to a decision of this case. However we do say that we think that the actions of appellant and his companions on the oil lease in the morning are a portion of the transaction in the afternoon, and can be deemed one continuous transaction; and this is especially so in this instant case because of the fact that there is testimony herein that appellant was present at each place and participated in the conversation on the lease and in the outrageous conduct on the highway where the beatings occurred.

For the failure to grant the motion for a severance this judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

Counsel for the State points out that we were in error in the original opinion when we stated that the conviction was for unlawful assembly. The conviction was for engaging in a riot. The original opinion properly stated the punishment.

Article 651, C. C. P., reads as follows:

"Where two or more defendants are prosecuted for an offense growing out of the same transaction, by separate indictments, either defendant may file his affidavit so stating, and that the evidence of such party or parties is material for the defense of the affiant, and that affiant believes that there is not sufficient evidence against said party or parties to secure his or their conviction; and such party whose evidence is so sought shall be tried first. Such affidavit shall not, without other sufficient cause, operate as a continuance to either party."

Article 395, C. C. P., provides:

"An indictment is the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an offense."

We quote Article 413, C. C. P., as follows:

"An 'information' is a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted."

In view of the fact that the prosecution proceeded upon complaint and information, it is the State's contention that Article 651, supra, relating to severance, was without application. We are unable to agree with this contention. The statutes relating to severance as they existed in 1917 were re-enacted by the Legislature in 1925 in substantially the same language upon the adoption of the Revised Criminal Statutes. In Ligon v. State, 198 S. W. 787, it is shown that the opinion was rendered November 14, 1917. The prosecution in that case was upon complaint and information charging an unlawful assembly. The co-defendants of Ligon were charged by separate informations. The judgment of the court below was reversed because of the denial of Ligon's application for a severance. In view of the re-enactment of the statute dealt with in Ligon's case in substantially the same language, we are constrained to hold that the Legislature approved the interpretation of such statutes previously given by this court in the opinion referred to. We quote from Parrish v. State, 71 S. W. (2d) 274, as follows:

"On the facts before it in the Martin Case, supra, the court, by a unanimous opinion, held that there was error in refusing to submit to the jury the question of a suspended sentence. After the decision of the Martin Case, the Legislature in 1925 (in articles 776 to 781, inclusive) re-enacted the Suspended Sentence Law without change of verbiage. Such re-enactment has

been generally regarded by courts and text-writers as equivalent to a re-enactment of the statute amounting to legislative approval of the interpretation of the statute previously given by the courts."

See, also, Lamkin v. State, 136 S. W. (2d) 225, and authorities cited.

All other contentions made by the State in the motion for rehearing have been carefully considered and are deemed to be without merit.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.