D. C. CHAPA V. STATE

No. 28,636. March 13, 1957.
State's Motion for Rehearing Overruled
(Without Written Opinion) April 24, 1957.

*Percy Foreman, Houston,* and *Luther E. Jones, Jr.,* Corpus Christi, for appellant.

*Sam Burris,* District Attorney, Alice, *Connell Ashley,* District Attorney, *Shelby H. Blaydes,* County Attorney, Fort Stockton, *Will Wilson,* Attorney General, *Lonny F. Zwiener,* Assistant Attorney General and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for misapplication of public funds; the punishment, five years in the penitentiary.

The prosecution arose in Duval County. Upon the court's own motion and over appellant's objection, the venue was changed to Pecos County.

Before announcing ready for trial in this case, appellant filed and presented to the trial court his sworn motion for severance, seeking to have his co-indictee Oscar Carrillo, Sr., first placed upon trial. The motion contained all the requisites enumerated by Art. 651, C.C.P., for such a motion. The motion went further than required by said article in that there was attached and made a part thereof the affidavit of the co-indictee, in which he, the co-indictee, stated that he was present, ready, and willing to be tried first and requested that his trial be held first.

The motion was denied, and appellant duly excepted.

The bill of exception presenting this matter for our review does not reflect that the state challenged the correctness of the facts stated in the motion. The bill of exception was approved, in all things, by the trial court, with the qualification that "there are other indictments not growing out of the same transaction pending against the said Oscar Carrillo, Sr. in other District Courts and in the U. S. District Court * * * ."

The state did not file, under oath and in writing, any contest of the motion for severance.

It has long been the holding of this court that when two or more persons are charged with the same offense and their cases are pending in the same court, the duty—unless a continuance would result—to grant a severance, when properly sought, is imperative. Vargas v. State, 104 Texas Cr. Rep. 283, 284 S.W. 564; Peddy v. State, 118 Texas Cr. Rep. 603, 40 S.W. 2d 153; Smith v. State, 55 Texas Cr. Rep. 326, 116 S.W. 572; Willis v. State, 141 Texas Cr. Rep. 297, 148 S.W. 2d 397; Nichols v. State, 149 Texas Cr. Rep. 530, 196 S.W. 2d 925; Branch's P. C., 2d Edition, Vol. 2, Sec. 763, at p. 63.

In the instant case, the motion—complying in all things with the statute—entitled appellant to the severance, under the authorities cited.

It remains to be determined, therefore, if there existed any reason that would defeat the motion.

As to the qualification which the trial court appended to the

bill of exception to the effect that the co-indictee was under indictment in other jurisdictions, it will be noted that there is nothing in Art. 651, C.C.P., which says that such facts would defeat the severance. Moreover, the affidavit of the co-indictee which accompanied the motion shows that he was ready and willing to go to trial.

The facts stated in the trial court's qualification did not warrant the overruling of the motion for severance.

The remaining contention which the state relies upon to sustain the order overruling the motion for severance is that, during the discussion of the motion and before the court had acted thereon, one of the appellant's counsel made the following statement:

"He [referring to the co-indictee] only joins in the motion that he go to trial first, Your Honor. I do not propose to use Oscar Carrillo as a witness."

It is the contention of the state that the statement on the part of appellant's counsel constituted a waiver of the right of severance, in that the severance could have furnished to the appellant only the opportunity of using the co-indictee as a witness.

There is nothing to indicate that the appellant, in person, waived his motion for severance. The trial court did not construe that the motion for or the right of severance had been waived, because he acted upon the motion and overruled it without any intimation that it had been waived. Indeed, there was no mention of waiver when the bill of exception was approved and ordered filed.

So then, we are here called upon to go to the statement of facts to determine if the trial court erred in overruling the motion for severance. This we may not do, for if the motion for severance—properly made—is denied, the statement of facts will not be looked to in passing upon the question of whether the court erred. Branch's P.C., 2d Edition, Sec. 763, p. 62; King v. State, 35 Texas Cr. Rep. 478, 34 S.W. 282; Anderson v. State, 56 Texas Cr. Rep. 360, 120 S.W. 462; Brown v. State, 125 Texas Cr. Rep. 507, 69 S.W. 2d 411.

Even though we were to consider the statement of appellant's counsel upon the question of waiver, the fact remains, nevertheless, that there is an absence of any showing that the

appellant agreed to, acquiesced in, or adopted as his own the statement of his counsel. So far as this record is concerned, the appellant did nothing whereby it could be said that he withdrew his motion for severance or waived his right to have the motion passed upon and the severance granted, as therein prayed for.

Under the facts stated, we conclude that the acts or statement of the attorneys could not be utilized as constituting a waiver by appellant of his valuable right to file and present and urge his motion for severance.

Finally, it must be remembered that the filing or granting of a motion for severance does not secure to the accused the right to use a co-indictee as a witness. For that right to become complete, the co-indictee must be tried and acquitted of the offense charged, or the accusation dismissed.

Until those conditions have been met, the right to use the testimony of the co-indictee as a witness is not shown. So at the time of the claimed waiver, by appellant's counsel, of the testimony of the co-indictee, no right existed in the appellant to use the co-indictee as a witness or to receive the benefit of his testimony.

We are constrained to conclude that the overruling of the motion for severance requires a reversal of this case.

The judgment is reversed and the cause is remanded.