ALFRED (JAYBIRD) JOHNSON V. STATE.

No. 30,615. April 29, 1959.
Motion for Rehearing Overruled June 3, 1959.

DAVIDSON, Judge, dissented.

*Billy Hall*, Littlefield, for appellant.

*Curtis R. Wilkinson*, Littlefield, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is transporting whisky in a dry area; the punishment, nine months in jail and a fine of $750.00.

A prior conviction for a like offense in the same court was alleged for enhancement of punishment.

Appellant, before announcing ready for trial, filed a motion "to strike the nickname 'Jaybird' from the information and complaint." He also filed motion that the county attorney and witnesses be instructed not to refer to the defendant as "Jaybird" during the trial. The motion alleged that his true name is Alfred Johnson, and that the use of the name "Jaybird" would prejudice the jury and prevent his receiving a fair and impartial trial.

In support of the motion appellant testified before the court

that his true name was Alfred Johnson, "Jaybird" being a nickname.

He testified on cross-examination:

"Q. Of course, you are commonly known as 'Jaybird' Johnson, are you not? A. Yes, sir.

"Q. I see. And *you have used that name* for a long time in this community? A. Uh huh, *yes, sir.*

"Q. And you know who they are referring to when they say: 'Hi, Jaybird.' A. Yes, sir.

"Q. And they call you 'Jaybird'? A. Yes, sir, during this time that I have been involved in the courthouse here, they have called me Alfred 'Jaybird' Johnson.

"Q. And then, time and time again you have been tried in this court under the name of Alfred 'Jaybird' Johnson? A. Yes, sir.

"Q. And you have never objected to that before, have you? A. No, I never have. People are at liberty to call me whatever they want to."

Before ruling on the motions the court directed attention to the allegation as to prejudice, in support of which he had heard no evidence. None was offered and the court overruled the motions.

We cannot agree that the overruling of the motions deprived appellant of a fair and impartial trial. He was charged under the name by which he was generally known and which he had used for a long time. There is no evidence to suggest that the name "Jaybird" was used in the information or in the evidence in bad faith.

Art. 496, C.C.P. applies where appellant suggests that he bears some name different from that in the indictment or information, in which event he may have the pleading corrected by inserting the name suggested by him.

The rule applicable here is that which applies to aliases. Hornsby v. State, 91 Texas Cr. Rep. 166, 237 S.W. 940; Brannon v. State, 164 Texas Cr. Rep. 83, 296 S.W. 2d 760.

The dry status of Lamb County was proved by the court records, as was the prior conviction of Alfred (Jailbird) Johnson, as alleged in the information. Appellant was identified by the clerk as the defendant in the prior judgment of conviction.

According to the testimony offered by the state, two deputy sheriffs, a game warden, the county attorney and an agent of the Texas Liquor Control Board were riding together in an automobile in the "flats" section of Littlefield. Deputy Sheriff Blanchard, who was driving the car, testified that when he first saw him appellant was standing beside a pile of old gin ties.

Deputy Blanchard drove near him and, as he opened the car door, appellant raised his head above the stack of ties he was behind, and "stuck a brown package under his arm and started running."

The pursuing officers, led by Blanchard, fired shots in the air and called for appellant to halt, but he continued to run until he reached a church about two blocks away. Blanchard overtook appellant as he reached the church and as he did so appellant threw the package against the foundation of the church building.

The contents of the brown package were introduced in evidence and proved to be eight half pint bottles of whisky, one full, one cracked bottle partially filled, and six broken bottles the seals of which were unbroken.

Appellant did not testify and offered no evidence.

The evidence is sufficient to sustain the conviction.

Complaint is made that the whisky and bottles were admitted in evidence without sufficient proof or explanation of their custody and possession between the confiscation and the trial.

Deputies Blanchard and Dunlap positively identified the contents of the brown package offered in evidence as that which remained after appellant threw the lug or package against the church building. There was no evidence to the contrary. The exhibit was admissible under such proof. Robinson v. State, 163 Texas Cr. Rep. 499, 293 S.W. 2d 781; Fulcher v. State, 163 Texas Cr. Rep. 177, 289 S.W. 2d 588; Allen v. State, 159 Texas Cr. Rep. 463, 264 S.W. 2d 723.

The remaining claims of error have been considered and are overruled.

The judgment is affirmed.

DAVIDSON, Judge, (dissenting).

When a trial court violates the mandate of a statute of this state and thereby refuses to accord to the accused the right which the statute gives to him, it is a bad situation. But when this court agrees to, condones, and justifies such action by a trial court it is worse, because the right of one accused of crime to be tried and convicted in accordance with law is not only denied but it is destroyed.

Such is exactly what has happened to this appellant.

Art. 496 of our Code of Criminal Procedure reads as follows:

"If defendant suggests different name

"If defendant, or his counsel for him, suggest that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself, the style of the cause changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment."

By that statute, the right is accorded to one accused of and who is to be tried for a violation of the law to be tried under his correct name and to have that correct name stated in the state's pleading.

Here, the name of the accused was stated in the information as "Alfred (Jaybird) Johnson."

When the case was called for trial, one of the first things appellant did was to invoke the rights and privileges which the above statute accorded him by motion, in writing, calling the trial court's attention to the fact that "Alfred (Jaybird) Johnson" was not his name and that his true and correct name was Alfred Johnson. He asked that the information be corrected by inserting therein his true and correct name.

The trial court refused to grant the motion and to accord to appellant that which the statute gave him as a matter of right. In so doing, error was committed. Myatt v. State, 31 Texas Cr. Rep. 523, 21 S.W. 256, is directly in point.

This court has no right to speculate upon injury or prejudice when a trial court refuses to grant to an accused that which the legislature of this state has given him by statute. If the accused desires to avail himself of that right, it is his exclusive privilege to do so.

Of and within itself, the violation of a mandatory statute is prejudicial error. It is only by such construction that proper respect for and obedience to a legislative mandate can be required of the courts.

Under Art. 496, C.C.P., the legislature has the right and power to give to one accused of crime the right to be tried under his correct name.

Appellant, here, timely and properly requested that right, and it was arbitrarily refused.

If the courts have the power to deny to an appellant the rights which Art. 496, C.C.P., gives to him, then one of two conditions exists: Either this court has repealed that article or it has refused to accord to the legislature the right to make laws governing the trial of criminal cases in this state and has, itself, gone into the law-enacting business.

I refuse to say that our courts have the power to deny to an appellant the rights conferred by Art. 496, C.C.P. I steadfastly insist that when this appellant brought himself within and sought the rights thus conferred, the trial court was without authority to refuse that request.

It is only by that construction that the rights of the legislature to write the laws of this state can be maintained and encroachment upon that right by the courts prevented.

In keeping with the legal proposition that the denial of a right given by statute is prejudicial error, different statutes may be cited but I call attention only to one, and that is the severance statute. Art. 651, C.C.P.

It has always been held, heretofore, that the failure of a

trial court to grant the right there accorded and properly sought is of and within itself, prejudicial error. Jackson v. State, 123 Texas Cr. Rep. 345, 58 S.W. 2d 1014; McBride v. State, 121 Texas Cr. Rep. 549, 51 S.W. 2d 337; Brown v. State, 125 Texas Cr. Rep. 507, 69 S.W. 2d 411; Willis v. State, 141 Texas Cr. Rep. 297, 148 S.W. 2d 397; Chapa v. Etate, 164 Texas Cr. Rep. 554, 301 S.W. 2d 127.

There is no distinction between such a situation and that here presented.

I respectfully dissent.