■ The evidence is sufficient to sustain the conviction.

Appellant insists that the trial court erred in refusing to grant his motion for a mistrial on the ground that certain testimony left the impression with the jury that he had before been engaged in similar transactions.

The testimony complained of occurred during the examination of Officer Krieger by appellant's counsel about the making of appellant's written statement. The record shows the following:

"Q. During all that hour you heard nothing about his wife being mentioned? That wasn't mentioned? A. No, the man brought up his past times he has been caught and—

"Appellant's Counsel: Object to that, if the Court please, and ask for a mistrial at this time on that ground.

"The Court: All right. The objection will be sustained, but your motion will be overruled. Ladies and Gentlemen of the Jury, you will not consider that for any purpose whatsoever.

"Appellant's Counsel: Note my exception.

"Q. You were talking there for an hour isn't that right? A. That's what I am getting at. We talked continuously about things of his past.

"Appellant's Counsel: That's all."

■ The objection, although too general, to Officer Krieger's first reference to appellant's past was sustained and the jury was instructed not to consider it for any purpose. Immediately following, Officer Krieger again referred to "things of his (appellant's) past", and no objection was made thereto or a request that such references be excluded, or the jury instructed not to consider it. The minimum punishment was assessed. The refusal of the motion for a mistrial was not error.

It is contended that the admission in evidence of appellant's written statement was error on the ground it was involuntarily made.

■ The testimony of Officer Nava, to whom the written statement was made, and of Officer Krieger, who was present when it was made and signed, that the appellant voluntarily made and signed it authorizes its admission in evidence. No error is presented. Knight v. State, 157 Tex.Cr.R. 619, 252 S.W.2d 170.

The judgment is affirmed.

Opinion approved by the Court.

**James DAVIS, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

No. 33706.

Court of Criminal Appeals of Texas.

Oct. 25, 1961.

W. E. Martin, Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Carl E. F. Dally, and Edward D. Michalek, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is aggravated assault; the punishment, 270 days in jail and a fine of $500.

No statement of facts of the evidence adduced upon the trial accompanies the record.

By Bill of Exception No. 1 it is certified that prior to announcing ready for trial, appellant filed a motion for severance, duly verified, praying that one C. L. Jones who then stood charged by information with an offense of aggravated assault growing out of the same transaction as that charged against appellant, be first tried. Said motion was by the Court overruled with an exception reserved by appellant.

The motion complied with the statutory prerequisites of Art. 651, Vernon's Ann. C.C.P. and should have been by the Court sustained. See Nichols v. State, 149 Tex. Cr.R. 530, 196 S.W.2d 925 and Chapa v. State, 164 Tex.Cr.R. 554, 301 S.W.2d 127.

For the error in overruling the motion for severance, which error the State concedes in its brief, the judgment is reversed and the cause remanded.

Opinion approved by the court.