**Tim Don ROBERTS a/k/a Kevin Dennis Walsh, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00115–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 8, 1988.

Michael Allen Peters, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, Cathy Herasimchuk, Asst. Dist. Atty., Harris County, for appellee.

Before JACK SMITH, DUGGAN and DUNN, JJ.

## OPINION

JACK SMITH, Justice.

A jury found appellant guilty of burglary of a motor vehicle with the intent to commit theft. The jury found the enhancement paragraphs true and assessed punishment at 30 years confinement. Appellant asserts seven points of error.

On May 22, 1987, an off-duty Houston police officer working as a security guard at a local hotel noticed "three suspicious males" in the hotel parking lot in the proximity of a car. When the officer was about 75 feet away, he heard a "pop" of a car window breaking. He walked toward the three males and saw one of them drop out of sight. He reappeared when one of the other men saw the officer and all three started walking away. When the officer approached the vehicle where the three men had been, he saw that a window had been broken out and that the door was open. As the men walked away, the officer saw the appellant drop two screw-drivers and a pair of pliers under two different cars. He identified himself as a police officer and arrested all three of them. The radio in the car had been partially removed.

In his first point of error, appellant contends that the trial court erred in failing to follow the order of trial agreed upon by the co-defendants over appellant's objection. After the trial of the three co-defendants was severed, they agreed that the appellant would be tried last. The trial court, however, chose to try appellant first.

The record reflects that on December 14, 1987, the trial court granted appellant's motion for severance and ordered that the three co-defendants be tried separately. On the same day, appellant filed an agreed order of trial stating that defendant Val Berrea should be tried first, followed by defendant Chris Mills, with appellant to be tried last. The trial court denied the agreed order, stating for its reasons that the appellant was in jail and the other two defendants were out on bond. Although the appellant was in jail, he testified he was willing to be tried last. Notwithstanding the signed agreement and appellant's willingness to be tried last, the trial court proceeded to try appellant's case first.

Tex.Code Crim.P.Ann. art. 36.10 (Vernon 1981) states that:

> If a severance is granted, the defendants may agree upon the order in which they are to be tried, but if they fail to agree, the court shall direct the order of the trial.

Neither appellant nor the State has cited case law directly on point. The cases relied upon by appellant were decided on the issue of a defendant's right to a severance. *Chapa v. State*, 164 Tex.Crim. 554, 301 S.W.2d 127 (1957); *Willis v. State*, 141 Tex.Crim. 297, 148 S.W.2d 397 (1941); *Jones v. State*, 85 Tex.Crim. 538, 214 S.W. 322 (1919). Although the *Tieman* case does state that "defendants, jointly indicted and prosecuted, have not only the right to sever, but, by agreement, they have the right to indicate and fix the order in which they are to be tried," the case was also disposed of on the basis of the right to severance. *Tieman v. State*, 28 Tex.App. 144, 12 S.W. 742 (1889). Similarly, the cases cited by the State are not on point because they pertain to the trial court's discretion when a co-defendant makes a motion to be tried after other co-defendants without a specific agreed order of trial. *Feehery v. State*, 480 S.W.2d 649 (Tex. Crim.App.1972); *McClain v. State*, 432 S.W.2d 73 (Tex.Crim.App.1968).

■ The issue for this Court is whether a trial judge has discretion to try co-defendants, whose cases have been severed, in an order contrary to a specific agreed order of trial under article 36.10.

■ On the face of the record, appellant and his co-defendants complied with the requirements of article 36.10 by submitting an agreement setting forth a specific order of trial. In denying the agreed order, the trial court erred even though its intentions were well meant. It is well established that the legislature does not enact statutes for a useless purpose. However, appellant

has not alleged, either at trial or on appeal, any harm from being tried before his co-defendants. The purpose of an "order of trial provision" is to allow one defendant to use the testimony of a co-defendant at his trial. *See Willis,* 148 S.W.2d at 399 (*citing Ligon v. State,* 82 Tex.Crim. 147, 198 S.W. 787 (1917)). The record shows that appellant's co-defendant Val Berrea testified on appellant's behalf at length without asserting his right against self-incrimination. There is no indication that appellant attempted to obtain the testimony of co-defendant Chris Mills but was unable to because of the order of trial.

Although the trial court erred in proceeding to trial contrary to the agreed order of trial, we hold that beyond a reasonable doubt the error made no contribution to the conviction or punishment. Tex.R.App.P. 81(b)(2).

Point of error one is overruled.

The other points of error discussed in the opinion add nothing to the current jurisprudence and are, accordingly, ordered not published. Tex.R.App.P. 90.

The judgment of the trial court is affirmed.