THE STATE v. SAMUEL STEPHENS.

1—See this case for an indictment held to be sufficient, against the owner of a watch for the theft of it from his bailee.

2—A general charge, alleging time and place, that the owner of a watch of any designated value, rightfully in the possession of a bailee, and held by him as security for work and labor bestowed on it, had fraudulently taken it, without the consent of the bailee, from his possession, with the intent of depriving him of the value of such repairs, would be entirely sufficient in this species of theft.

3—The value of the repairs need not be alleged. They imply a value.

4—Repairs, of themselves, are not the subject matter of theft. They are only an accretion of value to a thing which may be the subject matter of that offense.

APPEAL from Smith.

The indictment charged "that Samuel Stephens, late of the county of Smith, on the thirteenth day of September, A. D. 1868, did, in the said county of Smith, fraudulently take from the possession of William H. Pate one silver watch of the value of two dollars and fifty cents, the

said watch being then and there deposited with the said William H. Pate for repairs, and was then and there held for security for the repairs that had then and there been made on said watch, said watch being then and there the corporeal personal property of the said Samuel Stephens. Said watch was taken from the possession of the said William H. Pate without his consent, with intent to deprive the said William H. Pate of the value of said repairs, and to appropriate it to the use of the said Samuel Stephens, against the peace and dignity of the State."

The defendant moved to quash the indictment, because the subject of the theft was not alleged; because no offense against the laws was alleged; and because the indictment was bad for uncertainty and duplicity.

The motion being sustained, the District Attorney appealed in behalf of the State.

No briefs on either side.

Lindsay, J.—We do not perceive any good and valid reason for sustaining the motion to quash the indictment in this case. It is made apparent that it contains the distinct allegation of the theft of his own property by the defendant. It was such a "fraudulent taking" of his own property, from the rightful possession of another, as was contemplated by the fourth subdivision of Art. 2388, Paschal's Digest. The charge is, that one William H. Pate held possession of, by virtue of his *lien* for repairs, a watch, the property of the defendant; and that the defendant fraudulently took it, without the consent of the said Pate, to deprive him of the value of said repairs (by depriving him of the said watch), and to appropriate it (the value of the repairs) to his (the said defendant's) use. The allegation of the amount of the value of either the watch or of the repairs, is an immaterial matter, except that some value must be affixed to the thing alleged to be stolen. All these matters are substantially alleged in the indictment. And the mere fact

that the repairs are made of co-equal value with the watch—the thing actually stolen—does not vitiate the other substantive allegations in the indictment. The indictment possesses all the requisites deemed necessary by Art. 2363, of the Criminal Code, Paschal's Digest. The allegation of the value of repairs was wholly unnecessary, and is mere surplusage. Theft is the predicate of the watch, and not of the repairs; and the bailee, or special owner, was only to be deprived of the value of the repairs by the theft of the watch. A general charge, alleging time and place, that the owner of a watch of any designated value, rightfully in the possession of a bailee, and held by him as a security for work and labor bestowed upon it, had fraudulently taken it, without the consent of the bailee, from his possession, with the intent of depriving him of the value of such repairs, would be entirely sufficient in this species of theft. The repairs imply a value. Repairs are alleged. No *value* of repairs need be alleged. Repairs *de se* are not the subject of theft. They are only an accretion of value to a thing which may be the subject of theft. It is but a question of fact to be proved on the trial that the repairs were made, in order to show that the bailee had an interest in the thing so fraudulently taken. When all this is charged and established by proof, a case is made out of theft by the owner of his own property.

The court ought to have overruled the motion to quash. The case is reversed and remanded.

Reversed and remanded.