## BUCK RUSSELL v. THE STATE.

### No. 1090.     Decided March 17th, 1897.

**1.  Arrest Without Warrant for Felony Committed in Presence of Party Arresting.**

Code Criminal Procedure, Article 247, authorizes a peace officer, or any other person to arrest, without a warrant, an offender where the offense is committed in his presence or within his view, if the offense is a felony or an offense against the public peace.  Held:  In order to warrant an arrest without warrant, the crime must be committed in the actual presence or within the actual view of the person making the arrest.  It is not sufficient that the party arresting was near by when the offense was committed, or that there were persons in his posse making the arrest who were near enough to have seen the person who committed the offense.  An arrest, made under the circumstances last stated, is illegal, and defendant's resistance to the same should not be considered as an inculpatory circumstance against him on his trial for the offense he had committed.

**2.  Same—Resistance to Illegal Arrest.**

If an arrest is illegal, although defendant may know what he is being arrested for, he is not required to submit to it, and may resist; and, his resistance thereto is not a criminative fact against him on his trial for the offense he was arrested for, and the jury should not be authorized to use it against him.   But, if he knew what said illegal arrest was for, and did not resist it merely because it was illegal, then the jury might use it as a circumstance against him.

**3.  Burglary—Resistance to Arrest—Charge.**

On a trial for burglary, by shooting into a house, where the evidence showed, that defendant was told by the party arresting him, that he was arresting him for shooting into the house and killing a woman; and defendant resisted the arrest, which was

without warrant. Held: A charge of the court, which instructed the jury in effect, that if they believed defendant's resistance showed a consciousness of the offense for which he was being arrested , then they could consider the same againt him, was clearly upon the weight of evidence.

#### 4. Same.

See charge of court, set out in the opinion, which, on a trial for burglary, gave ᵣⁿdue weight to the defendant's resistance to arrest, and no doubt prejudiced him before the jury.

APPEAL from the District Court of Eastland. Tried below before Hon. T. H. CONNER.

Appeal from a conviction for burglary; penalty, eight years' imprisonment in the penitentiary.

The indictment charged appellant with burglary, by shooting and discharging firearms into a house at night, with intent, of his malice aforethought to kill and murder J. M. Groves, Emma Garrett, G. W. Garrett and Annie Nichols.

It appears that appellant was in love with Miss Emma Garrett, and had been engaged to her. For some reason, whether from a want of affection for appellant or on account of persuasion of her family, or both, she broke the engagement. Appellant seems to have thought her uncle and other members of the family the cause. He grew desperate and threatened to kill her uncle, Mr. Groves, Will Groves and another man. Also said he would kill a girl, but did not say whom. He snapped his pistol at Miss Garrett several times and exhibited a large knife with blood on it, and conducted himself in a manner showing that he was desperate. These acts occurred on Sunday preceding the day of the commission of the offense. The next day he passed the Groves house and was seen in several places in the vicinity. At about eleven or half past eleven o'clock that night, five pistol shots were fired into Groves' house, one ball striking Miss Nichols. Tracks closely resembling appellant's were visible next morning, showing where the party stood at the time of the shooting. The tracks of the horse corresponded with the tracks of the horse ridden by appellant and found in his possession when arrested, and these tracks was traced to the house of one Brown, where appellant was arrested the following day. Appellant resisted arrest, but on account of his pistol being somewhat out of fix, and failing to revolve, his arrest was effected. His sister and brother-in-law denied that he resisted arrest or attempted to use a pistol. It was shown that he purchased cartridges on the same day of the commission of the offense, which corresponded with the ones found in his pistol and the empty shells picked up near the house.

*D. G. Hunt, Lindsey & Goodson,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary and his punishment assessed at eight years in the penitentiary; hence this

appeal.   The burglary was charged to have been by shooting into a house with intent on the part of the appellant, of his malice aforethought, to kill and murder certain parties therein named.   The evidence is entirely circumstantial.   The theory of the State was that the defendant did the shooting in order to murder one J. M. Groves, the uncle of Miss Emma Garrett, and G. W. Garrett, her father, because they opposed the marriage of Miss Emma Garrett to appellant, and had been instrumental in breaking off an engagement between them.   This theory is supported by evidence tending to show this motive; also, threats made by appellant against said parties; by his purchase of some cartridges on the evening of the shooting, which occurred that night, said cartridges corresponding with the cartridge found on the ground near the house where the party firing the shots must have stood when doing the shooting; by some tracks found there, which, according to the State's witnesses, corresponded in a general way with the defendant's tracks; and by the tracts of a man and of a horse at a gate to the inclosure which lead into the pasture and to the residence of one Brown, a brother-in-law of appellant, where he stayed that night,—said person's tracks also corresponding in a general way to appellant's, and the horse tracks to the pony which defendant owned.   And the State also introduced evidence to the effect that appellant resisted arrest.   Perhaps there were some other circumstances, but these were the main facts introduced against the appellant.   The real question in the case was the identity of the party firing the shots into the house of J. M. Groves. Appellant relied upon the weakness of the State's case connecting him with the occurance, and he also introduced evidence of an alibi.   The only question necessary to be considered is in regard to the charge of the court on the question of arrest and appellant's resistance thereto. Said charge is as follows:   "In considering the testimony, you are further instructed that a peace officer or any other person may, without warrant, arrest an offender, when the offense is committed in his presence or within his view, if the offense is one classed as a felony.   Burglary is an offense classed as a felony.   An arrest, without warrant, under any other circumstances, would be unauthorized, and may be lawfully resisted.   If, therefore, the jury · should find that the offense, if any, for which defendant was arrested, if at all, was not committed in the presence or within the view of the persons, if any, making such arrest, and that defendant's resistance, if any, was for the purpose and with the intent to resist or avoid an illegal arrest, and not with intent to avoid and resist arrest on the particular charge upon which he was arrested, then such resistance should not be considered against him. In other words, before the jury can lawfully consider the circumstance of defendant's resistance to his arrest, if you find defendant did so resist arrest, you must believe from the evidence that such resistance, if any, showed or tended to show a consciousness or knowledge of the offense, if any, in fact committed."   No exception was taken at the time to the charge of the court, but the same is as-

signed as error; it being insisted that said charge is fundamental error, and, under the circumstances of the case, was calculated to greatly injure the rights of the appellant. We have carefully examined the record, and the proof shows that the shooting was done about 12 o'clock at night, and that no person saw, much less recognized, the person who fired the shots. The arrest was made between 7 and 8 o'clock on the next morning, by five or six of the neighbors—J. M. Groves being one of the posse. The proof shows that they had no warrant for the arrest of appellant. The court should have instructed the jury that said arrest was illegal, and if they believed appellant resisted the same simply because it was illegal, that they would not consider such resistance as a circumstance against him, but if, on the other hand, they believed the defendant resisted said arrest, but did not do so merely because it was an illegal arrest, then they might consider the circumstance of his resistance, in connection with the other facts and circumstances in evidence, etc. Instead thereof, it would appear, because the court submitted the question of the legality of the arrest to the jury, that in the opinion of the court the fact that the testimony tended to show that the person who did the shooting was near by, and that at least two of the parties were on the outside of the house at the time of the shooting, near enough to have seen the person, and that these parties were with the posse making the arrest, that the shooting occurred in their presence, and that this was what the statute meant when it authorized a person to arrest a party without warrant when the offense is committed in his presence and within his view, if it is one classed as a felony. In our opinion, the statute does not mean this; but in order to authorize an arrest without warrant in such case the crime must be committed in the actual presence and within the actual view of the person making the arrest. The court furthermore told the jury, "if they believed from the evidence that defendant resisted the arrest, and that such resistance showed or tended to show a consciousness or knowledge of the offense, that they could consider such resistance against him." Under said instruction, if defendant, without being informed by the posse for what he was being arrested, manifested a consciousness that he was being arrested for shooting into Groves' house, the jury, under the instruction of the court, need go no further, for that was the main fact in the case. The evidence shows, however, by some of the witnesses, that Waldrep, as soon as he accosted the defendant, told him that he was arresting him for shooting into the house and killing Miss Nichols. So, in connection with this evidence, the charge of the court, instructing the jury that, if they believed defendant's resistance showed a consciousness of the offense for which he was being arrested, then they could consider the same against him, was clearly upon the weight of the testimony, and brought out the fact of resistance prominently before the jury, and unduly magnified it. If the arrest was illegal, although the defendant might know what he was being arrested for, still he was not required to submit to it, and might resist without it

being a criminative fact against him.   If he knew that it was illegal, and was resisting it solely on this ground, the jury would not be authorized to use it against him.   If it was illegal, and he knew what it was for, and was not resisting the arrest because it was illegal merely, then the jury might use it as a circumstance against him.   The charge should have left the jury entirely untrammeled in this respect.   Under the circumstances of this case, as stated before, the charge, as framed, was calculated to give undue weight to the resistance of arrest by appellant, and no doubt prejudiced him before the jury.   Other assign ments involved in the motion for a new trial need not be discussed, but for the error of the court in giving the charge above mentioned the judgment is reversed and the cause remanded.

*Reversed and Remanded.*