HARRY H. MARTIN V. THE STATE.

No. 4685. Decided November 21, 1917.

1.—Arson—Accomplice—Suspended Sentence—Reforming Judgment and Sentence—Statutes Construed.

Article 865b, Vernon's Criminal Statutes, does not except an accomplice to any offense with reference to suspended sentence, and an accomplice to arson is an entirely separate and distinct offense, and is not one of the excepted felonies where a suspended sentence is not applicable, and the court was in error in not suspending defendant's sentence. Distinguishing Carlisle v. State, 31 Texas Crim. Rep., 537.

2.—Same—Practice on Appeal—Reforming Sentence.

When the lower court has wrongfully refused to suspend a sentence in accordance with the verdict, the judgment below will be reversed with instructions to enter the judgment suspending the sentence, take the accused's recognizance and discharge him. Following Baker v. State, 70 Texas Crim. Rep., 618, and other cases.

Appeal from the District Court of Mills. Tried below before the Hon. F. M. Spann.

Appeal from a conviction of accomplice to arson; penalty, five years imprisonment in the penitentiary with recommendation of suspended sentence.

The opinion states the case.

*J. C. Darroch, L. E. Patterson,* and *Wilkinson & McGaugh,* for appellant.—On question of suspended sentence: Serrato v. State, 74 Texas Crim. Rep., 413, 171 S. W. Rep., 1133, and cases stated in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, Judge.—Appellant was convicted for accomplice to arson and the jury assessed his punishment at the lowest prescribed by law at the time of the trial, and recommended his sentence be suspended.

In one count appellant was indicted as an accomplice to arson— the arson committed by Raymond Williams and Otis Allen. In another count as an accomplice of an attempt of arson by the same persons. He properly pleaded for a suspended sentence. The court submitted to the jury both of said counts for a finding and also the law of suspended sentence as applicable to each. The jury found him guilty under the first count, and also in their verdict properly recommended that his sentence be suspended. After the verdict the judge concluded that the suspended sentence could not be applied to a conviction for said offense of accomplice to arson and thereupon declined to enter a judgment suspending the sentence, but instead entered judgment and sentence imposing confinement in the penitentiary for the term of years found by the jury.

The Act of 1913, page 8, section 1, article 865b, Vernon's Criminal Statutes, provides that when there is a conviction of felony, except, among others, for arson, and the penalty imposed is five years or less, the court shall suspend the sentence upon the recommendation and finding of the jury to that effect. This article does not except accomplice to any offense. There is no separate offense prescribed by our law as an "accomplice," but there is an offense of an "accomplice" to most crimes. An accomplice to any given offense must be specifically indicted as such. (1 Branch's Ann. P. C., sec. 724, and authorities noted.) No person indicted as a principal for any offense can be convicted as an accomplice to such an offense; and vice versa, no person indicted as an accomplice of any given offense can be convicted as a principal therein. Arson is one offense and an accomplice to arson is an entirely separate and distinct offense. Crook v. State, 27 Texas Crim. App., 243; Kaufman v. State, 70 Texas Crim. Rep., 438. As an accomplice to arson was not one of the excepted felonies where a suspended sentence was not applicable the court clearly erred in entering a sentence imposing imprisonment in the penitentiary on appellant and in not suspending his sentence.

Perhaps the trial court was misled in this matter by an expression by Judge Hurt in Carlisle v. State, 31 Texas Crim. Rep., 546, wherein he, in one sentence, said: "In this State there is no distinction between the punishment of an accomplice and a principal. Why? Because the crime is the same." The sole question decided and discussed in the Carlisle case was the question of venue. In that case murder by Carlisle's principal was committed in Grayson County. Carlisle was not a principal therein but an accomplice of the murder, and at the time of the murder was not in Grayson County but in another county. The court held that the accomplice could be prosecuted in Grayson County where the murder was committed of which he was an accomplice.

In the construction and application of our suspended sentence law

statute, and the proceedings in this court when the lower court has wrongfully refused to suspend the sentence in accordance with the verdict, this court has reversed the sentence with instructions to the lower court to enter the judgment suspending the sentence, take the accused's recognizance and discharge him. Baker v. State, 70 Texas Crim. Rep., 618; Martin v. State, 71 Texas Crim. Rep., 212; Brown et al. v. State, 71 Texas Crim. Rep., 212. We now adhere to that procedure, and reverse said sentence and instruct the lower court to enter the proper judgment suspending the sentence and discharge him on his own recognizance, in accordance with the verdict and law.

Reversed with instructions.

*Reversed with instructions.*