### HENRY PARRISH V. THE STATE.

No. 16324. Delivered March 28, 1934.
State's Rehearing Denied May 16, 1934.

The opinion states the case.

*Minton & Minton,* of Hemphill, for appellant.

*Hollis Kinard,* District Atty., of Orange, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Appellant was charged as an accomplice to robbery; penalty assessed at confinement in the penitentiary for fifteen years.

By appropriate procedure, appellant sought to have the jury determine whether his sentence should be suspended. In article 776, C. C. P., 1925, it is declared: "Where there is a conviction of any felony in any district or criminal district court of this state (except certain named offenses, including robbery) and the punishment assessed by the jury shall not exceed five years, the court shall suspend sentence upon written sworn application made therefor by the defendant, filed before the trial begins."

In the statute there is no such named offense as accomplice to robbery but in article 70, P. C., it is said: "An accomplice is one who is not present at the commission of an offense, but who, before the act is done, advises, commands or encourages another to commit the offense, etc."

In article 72, P. C., 1925, it is declared; "Accomplices shall, in all cases not otherwise expressly provided for, be punished in the same manner as the principal offender."

Article 76, P. C., declares that there may be accomplices to all offenses except manslaughter and negligent homicide.

In article 776, supra, provision is made for a suspended sentence in certain cases. Among those excluded is robbery.

In the case of Martin v. State, 82 Texas Crim. Rep., 199, the accused was convicted as an accomplice to arson. The jury assessed his punishment at the lowest penalty prescribed by law and recommended a suspension of his sentence. In one count Martin was indicted as an accomplice to arson, and in another he was indicted as an accomplice to an attempt to commit arson. Both counts were submitted to the jury and Martin was found guilty under the first count, namely, an accomplice to arson. Since arson is one of the cases exempted from the benefits of the suspended sentence, the court declined to award Martin the benefiit of a suspended sentence. It seems imperative that the court suspend no sentence where the punishment assessed by the jury exceeds five years in the penitentiary. See article 776, supra.

The question as to whether appellant had a right to have

the issue of a suspended sentence submitted depends not upon the sentence imposed but upon the sentence that the jury was permitted to impose, which was within the purview of the suspended sentence law, article 776, supra.

We have been referred to the case of Carlisle v. State, 31 Texas Crim. Rep., 537 (decided in 1893), many years before article 776, supra, was enacted and at a time when there was no principle similar to the suspended sentence in the statutory law of the State. Carlisle was charged as an accomplice to murder and also for the murder of one Sharman. The acts constituting Carlisle an accomplice having occurred in Collin County, he contended that the venue of his case was improperly placed in Grayson County. In a well-considered opinion, written by a judge for whom the greatest respect is entertained, it is said: "If an accomplice to a felony be guilty of a distinct offense from the felony committed by his principal, the position of counsel is well taken."

The court said further: "We have no definition of a crime named or called 'accomplice,' but we are informed by our code what acts and things will make a person doing them an accomplice to all felonies to which there can be an accomplice."

The conclusion reached was that Carlisle, being an accomplice, could be tried in the county in which the homicide took place notwithstanding the acts which constituted him an accomplice were committed in another county. We have no criticism to make of the decision further than to say that its applicability to the present controversy seems to the writer quite remote.

The question in the present instance is whether Parrish, being an accomplice, was entitled to have the jury determine whether his criminal acts were such, in the event he was found guilty, as to bring his penalty within the purview of the law permitting a suspended sentence and to extend to him the benefit of a suspended sentence. Such a right, if it existed, was denied him by the charge of the court which instructed the jury in effect that if convicted he could not be accorded the right of a suspended sentence although the penalty assessed might be lower than five years. The conclusion apparently is in conflict with the case of Martin v. State, 82 Texas Crim. Rep., 199, (decided in 1917), at a time when the suspended sentence law, as it now stands upon the statute books, was a part of the law of the land. Martin was charged as an accomplice to arson and convicted of that offense. He requested the court to instruct the jury upon the law of a suspended sentence in his favor. If

he had been charged with arson, the law of suspended sentence would not have been available to him, but being charged with a separate offense of accomplice to arson, that offense not being excepted in article 776, supra, but being one in which the jury was privileged to give him a suspended sentence, the action of the court in refusing appellant's request for the submission to the jury of the question of a suspended sentence was erroneous. In the course of the opinion, the court took note of the Carlisle case, supra, and quoted from it as follows: "In this State there is no distinction between the punishment of an accomplice and a principal. Why? Because the crime is the same.' The sole question decided and discussed in the Carlisle case was the question of venue. In that case murder by Carlisle's principal was committed in Grayson County. Carlisle was not a principal therein but an accomplice of the murder, and at the time of the murder was not in Grayson County but in another county. The court held that the accomplice could be prosecuted in Grayson county where the murder was committed of which he was an accomplice."

On the facts before it in the Martin case, supra, the court, by a unanimous opinion, held that there was error in refusing to submit to the jury the question of a suspended sentence. After the decision of the Martin case, the Legislature in 1925, (in articles 776 to 781 inclusive), re-enacted the suspended sentence law without change of verbiage. Such re-enactment has been generally regarded by courts and textwriters as equivalent to a re-enactment of the statute amounting of legislative approval of the interpretation of the statute previously given by the courts. See Lewis' Sutherland Statutory Construction, 2nd ed., vol. 2, secs. 401-402; Corpus Juris, vol. 59, p. 1061, sec. 625; Ruling Case Law, vol. 25, p. 1050, sec. 276.

Assuming the soundness of the conclusion of the text-writers mentioned, the right of the accused in the present instance to have submitted to the jury the question of the suspension of his sentence was a right sanctioned by the decisions of this court and subsequently approved by legislative enactment.

In view of the precedents and the reasons herein given, we express the opinion that the refusal of the appellant's request to submit to the jury the issue of a suspended sentence was prejudicial error which demands a reversal of the judgment.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

LATTIMORE, JUDGE.—I think the Martin case, supra, is wrong in principle and that we should hold that one charged as an accomplice to any crime should not only be punished as the principal but in all things tried. as is a principal, but am convinced that on the last point discussed in the opinion Judge Morrow is correct and I therefore concur.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We are not able to bring ourselves into accord with the postion taken by the State, in its persuasive motion for rehearing wherein it is urged that we were in error in concluding that the 1925 C. C. P. having re-enacted the suspended sentence law of 1913, after same had been construed in Martin v. State, 82 Texas Crim. Rep., 199,—this in legal effect adopted as part of said amended act, the construction thereof referred to.

We have examined with interest the general repealing clause appended to said 1925 C. C. P., wherein it is said: "This act shall be construed to be an independent act of the Legislature, enacted under the caption thereof, and the articles contained in this act * * * shall not be construed as a continuation of former laws except as otherwise herein provided." The rule followed in our original opinion herein seems binding, whether the subsequent act of the Legislature be a re-enactment of some former law, or be a new law. In Corpus Juris, vol. 59, sec. 625, it is stated that the same rule applies in the construction of a statute enacted after a similar or cognate statute has been judicially construed. In our jurisdiction this seems adhered to in Ex Parte Ferguson, 112 Texas Crim. Rep., 152; Vaughn v. State, 86 Texas Crim. Rep., 255; State v. Yturria, 109 Texas, 220; Humble Pipe Line Co. v. State, 2 S. W. (2d) 1018, and others. See Adams v. State, 66 Texas Crim. Rep., 220; Cargill v. Kountze, 86 Texas, 387.

It is also insisted that since upon the trial appellant was allowed to put before the jury his proof that he had never been convicted of a felony, and was thereafter given a penalty of fifteen years in the penitentiary,—the failure . to submit the issue of his right to a suspended sentence was harmless error, if any, and that under the mandate of article 666, C. C. P., this court should not reverse. . It is true that article 776, C. C. P., deprives a jury of the power to recommend a suspended sentence, or a court to give one,—when the penalty fixed by the verdict of the jury exceeds five years. It has also been held, however, that the right to have this issue submitted in a proper

case is a substantial right, the denial of which will be cause for reversal. Fernandez v. State, 82 Texas Crim. Rep., 129; Tonnahill v. State, 90 Texas Crim. Rep., 184; Carr v. State, 89 Texas Crim. Rep., 245; Taylor v. State, 96 Texas Crim. Rep., 379. While the suspended sentence law is purely a penalty statute, and should be given no weight in determining the question of guilt, it seems fair to say that no one, be he judge on the bench or otherwise, can say that, in passing on the punishment to be meted out for a first felony offense, the jury's determination of the length of time to be given might not be affected by the presentation and consideration of an application to suspend the sentence, in case no greater term be given therein than five years. We see no difference in the principle involved whether the sentence imposed by fifty years or six. We are confronted with the proposition that a mandatory statute has been disregarded, and a substantial right has been denied, and it seems to us far better that the case be sent back for another trial than that we lay down a precedent whose establishment would be in the face of such statute and of such denial.

The State's motion for rehearing will be overruled.

*Overruled.*