## J. V. SELVIDGE V. THE STATE.

No. 16913.   Delivered June 13, 1934.

The opinion states the case.

*W. M. Futch,* of Henderson, *P. O. Beard,* of Marshall, and *Robert K. Crain,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of bribery, and his punishment assessed at confinement in the State penitentiary for a term of four years.

At the very threshold of this case we are confronted with an indictment which seems to be insufficient to warrant or sustain a conviction for said offense.  The indictment, omitting the formal parts, reads as follows:  "* * * that J. V. Selvidge on or about the 10th day of December, 1933, and anterior to the presentment of this indictment, in the County of Harrison

and State of Texas, did then and there unlawfully, willfully and corruptly bribe J. C. Sanders, who was then and there the legally qualified sheriff of Harrison County, Texas, to permit the said J. V. Selvidge to unlawfully transport spirituous, vinous and malt liquors capable of producing intoxication in Harrison County, Texas; and the said J. V. Selvidge did then and there unlawfully, willfully and corruptly give to the said J. C. Sanders, sheriff of Harrison County, Texas, $200.00 in money to permit him the said J. V. Selvidge to unlawfully transport spirituous, vinous and malt liquors capable of producing intoxication in Harrison County, Texas, in violation of the official duty of the said J. C. Sanders."

An indictment to be sufficient must specifically allege every constituent element of the offense and leave nothing to inference or intendment. To constitute bribery of a public official it must be made to appear that the official for a valuable consideration or reward agreed to refrain from performing an official act imposed upon him by law, or that he agreed to corruptly perform the same contrary to law or to the well known rules of honesty and integrity. Art. 189, Penal Code, reads as follows: "If any person shall bribe, or offer to bribe, a sheriff or any other peace officer to do any other act not heretofore enumerated, contrary to his duty as an officer, or to omit to do any duty incumbent upon him as an officer, he shall be punished by confinement in the penitentiary not less than two nor more than five years."

In the case under consideration the indictment charges that the appellant paid to J. C. Sanders, the sheriff of Harrison County, Texas, $200.00 to permit him, the appellant, to unlawfully transport intoxicating liquor in Harrison County, Texas. It was not within the sheriff's official duty to issue a permit to appellant or anyone else to unlawfully transport intoxicating liquor in Harrison County; he could not legally issue such a permit, and therefore could not legally refrain from doing that which he was not by law authorized to do so as to constitute bribery. Again, the indictment does not allege that the sheriff did issue a permit to the appellant to unlawfully transport intoxicating liquor in Harrison County, nor that the appellant, by reason of such permit from the sheriff, did unlawfully transport intoxicating liquor in said county.

We have reached the conclusion that the first count in the indictment, which is the count in the indictment upon which the appellant was tried and convicted, is fatally defective. However, the other two counts, which were dismissed, seem to us

to be sufficient to charge the appellant with the offense of bribery. It appears from the statement of facts in the record that it was the contention of the State that the sheriff did not accept the money as a bribe but merely for the purpose of apprehending and prosecuting the appellant.

Having reached the conclusion that the indictment is insufficient to charge the offense of bribery, the judgment of the trial court is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.