Willie Ted ROSEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 37013.

Court of Criminal Appeals of Texas.

June 3, 1964.

Rehearing Denied Oct. 14, 1964.

Fred Bruner, Sam Daugherty, Dallas, for appellant.

Henry Wade, Dist. Atty., John Vance, Walton P. Bondies, Jr., and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is bribery; the punishment, confinement in jail for one (1) year.

The indictment, drawn under Art. 158, Vernon's Ann.P.C., charged that the appellant did unlawfully and corruptly offer to bribe and did bribe Hughland A. Amos, a duly and legally qualified policeman and peace officer of the city of Dallas, and did then and there offer to give and pay and did give and pay as a bribe to the officer $20 in money with the intent and purpose to induce and influence the said officer, in violation of his official duty as a peace officer, not to arrest and file a complaint against the appellant for unlawfully keeping and being interested in keeping a gaming house where persons would be permitted to bet and wager with dice and cards.

We overrule appellant's contention, urged for the first time on appeal, that the indictment fails to charge an offense because it does not allege that appellant was unlawfully keeping a gaming house, for which the officer could arrest and file a complaint against him. The indictment, as drawn, follows the statute and alleges that appellant did bribe or offer to bribe the officer with intent to influence him not to do his duty as an officer. Selvidge v. State, 126 Tex.Cr.R. 489, 72 S.W.2d 1079, cited by appellant, is not here applicable, because the indictment in that case was drawn under Art. 173, V.A.P.C., for bribery of a sheriff and contained allegations materially different from those in the present case.

Upon the trial, Detective Hughland A. Amos, of the Dallas police department, testified that on October 15, 1962, he was sergeant of police in the radio patrol division and that he saw appellant around 2:30 a. m., in the 3300 block of South Oakland Street; that appellant stated he wanted to talk to him but was busy and asked that the officer come back the next day. The following day he returned around 3:30 a. m., and appellant came to his squad car, which he had stopped at a stop sign. Appellant got in the squad car and said:

" 'It's pretty light here. Can't we go somewhere where it's darker?' "

Officer Amos then backed the car into the middle of the 2700 block of Birmingham Street, which was a dark area, and stopped. While seated in the car appellant stated that he had a house rented and that he was going to fix it up for dice games. He then "slipped" $20 in bills between the officer's right leg and the seat. Officer Amos proceeded to take the money in his hand and asked appellant what it was for. Appellant again referred to the house to be used for gaming and stated that he would call the officer before he started a game; that he did not want Officer Amos or any of the squads under his control to come there and arrest him; that " * * * he wanted to more or less be able to gamble there free from arrest." Appellant further stated that he was going to have two men selling liquor for him on the streets, that he did not want the officer to arrest them, and explained to the officer that the $20 payment was for one month and that similar payments would be made each month. In the conversation, appellant stated to the officer that one William

Stayton, who owned a cafe at 3208 South Oakland, wanted to see him about a similar matter. Thereupon, they went to the cafe, where appellant introduced the officer to Stayton. In appellant's presence, Stayton stated that he had given appellant $10 to give to the officer; that he did not want anyone arrested at his place for drinking after hours; and that the officer would receive $5 per week. After departing from the cafe, appellant gave Officer Amos $10, stating that it was money Stayton had given him to give to the officer. Officer Amos stated that he then left appellant and went to the police station, where he talked to Lt. Pierce and Officer Stafford and that, later, appellant was brought to the station by Officer Stafford.

Lt. Pierce and Officer Stafford, upon being called as witnesses, verified their conversation with Officer Amos, without giving the details, and that appellant was brought to the police station.

As a witness in his own behalf, appellant denied giving Officer Amos the $20 in bills as a bribe on the night in question, but did admit that while they were in the squad car he placed a $20 bill on the seat and the officer picked it up. Appellant stated that when the officer picked up the bill and asked what he wanted, he replied:

"'I don't want you to do anything for me. * * * That is just only a friendship deal.'"

William Stayton was also called as a witness by appellant and testified that on the night in question when appellant and Officer Amos came to his cafe, the officer asked the witness if he wanted them to keep the police out of his place and that he (Officer Amos) wanted in on the pay-off "out there." The witness stated that he told Officer Amos he knew nothing of any pay-off and denied giving him any money.

The jury resolved the conflict in the testimony against appellant, and we find the evidence sufficient to sustain the verdict.

We are unable to agree with appellant that the evidence is insufficient to sustain the conviction because it was not shown that at the time of the bribe appellant was actually engaged in violating the gaming or liquor laws for which Officer Amos could have arrested him. The evidence, viewed from the state's standpoint, shows that appellant gave Officer Amos the $20 to not thereafter arrest him for violating the gaming and liquor laws. Bribery may be committed by bribing an officer not to arrest a person for thereafter violating the law. Minter v. State, 70 Tex.Cr.R. 634, 159 S.W. 286. Nor do we agree that the conviction rests upon the uncorroborated testimony of Officer Amos, who was an accomplice as a matter of law. While in bribery cases one who initiates the transaction and takes part in its commission is an accomplice as a matter of law, there is no undisputed proof in the present case that Officer Amos initiated the transaction. No request was made by appellant, in writing, that the court in his charge submit to the jury any fact issue raised by the evidence as to entrapment or whether the officer was an accomplice.

Complaint is made by appellant to the court's action in admitting evidence of the conversation and transaction between Officer Amos and the witness Stayton at the latter's cafe on the night in question, on the ground that such constituted proof of an extraneous offense.

We find no error in the court's ruling, as the matters which transpired at the cafe, in appellant's presence, were a part of the same transaction between appellant and the officer and admissible as part of the res gestae.

Other contentions urged by appellant have been considered and are overruled.

The judgment is affirmed.

Opinion approved by the Court.