Patrick WORTHINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43971.

Court of Criminal Appeals of Texas.

July 14, 1971.

Branch & Stilwell by Victor F. Branch, Houston, for appellant.

Robert J. Seerden, Dist. Atty., D. F. Martinek, Asst. Dist. Atty., Victoria, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for felony theft; trial was before the court and the punishment was assessed at five years.

The appellant in this case was a 59-year-old tree surgeon from Houston with no prior criminal record. He was the owner of a 1966 Cadillac, which is the subject matter of this prosecution. The automobile had been in a wreck and appellant had it repaired at a motor company. When repairs were completed, appellant came to the motor company. There was no argument over the amount due. Appellant testified he received permission to test drive the car. The shop foreman denied giving permission and testified the car was simply missing. Some five or six hours later, appellant was found driving the automobile some 200 miles from the repair shop.

He was convicted under provisions of Art. 1416 of the Vernon's Ann.Penal Code which allows a prosecution for theft of one's own property as follows, " * * * and (4) in all other cases where the person so deprived of possession is, at the time of taking, lawfully entitled to the possession thereof as against the true owner." The State relies on this, in conjunction with Art. 5503, Vernon's Ann.Civ.St., which reads as follows:

"Whenever any article, implement, utensil or vehicle shall be repaired with labor and material, or with labor and without furnishing material by any carpenter, mechanic, artisan, or other workman in this State, such carpenter, mechanic, artisan, or other workman is authorized to retain possession of said article, implement, utensil, or vehicle until the amount due on same for repairing by contract shall be fully paid off and discharged. In case no amount is agreed upon by contract, then said carpenter, mechanic, artisan, or other workman shall retain possession of such article,

implement, utensil or vehicle, until all reasonable, customary and usual compensation shall be paid in full."

The appellant's first ground of error alleges that the indictment is defective for failure to allege that the property was taken with the intent to deprive the owner or person in lawful possession of the value thereof.

The indictment alleged as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS: The Grand Jurors, duly selected, organized, sworn and impaneled as such for the County of Victoria, State of Texas, at the ___Fall–Winter___ , A.D. 1969 , Term of the 24th Judicial District Court for said County, upon their oaths present in and to said Court that on or about the ___3rd___ day of ___October___ , A.D. 1969 , and before the presentment of this indictment, in the County and State aforesaid,_____ PATRICK WORTHINGTON _____ did, then and there unlawfully and fraudulently take a 1966 Cadillac automobile of the value of more than Fifty Dollars, from the possession of J. E. Boles, who was holding the same as security for a debt in the amount of $1,203.87, then owed J. E. Boles by the said Patrick Worthington, without the consent of the said J. E. Boles, with the intent to appropriate it to the use and benefit of him, the said Patrick Worthington * * * against the peace and dignity of the State."

---

In the case of McCann v. State, 168 Tex.Cr.R. 407, 328 S.W.2d 298, the information alleged the fraudulent taking of a window fan " 'without the consent of said injured party and the intent then and there on the part of said defendant to deprive the said injured party of the same and to appropriate the same to use and benefit of said defendant.' " The Court said, "It is clear that the quoted portion of the information cannot be construed as alleging that the defendant took the fan with the intent to deprive Bergerson of it or of its value. On the other hand, it could well be contended that the allegation was that the defendant took the fan without such intent." The missing allegation is an essential element of Art. 1410, V.A.P.C., which defines theft. A particular intent is a necessary element and must be alleged in the indictment. Art. 21.05, Vernon's Ann.C.C.P. See also: Musick v. State, 121 Tex.Cr.R. 616, 51 S.W.2d 715, and other authorities cited in McCann v. State, supra.

Sufficient pleading would have been as follows:

" * * * did then and there unlawfully and fraudulently take one (1) 1966 Cadillac automobile of the value of more than Fifty Dollars ($50.00), from the possession of J. E. Boles, who then and there had the possession of said automobile as security for a debt in the amount of $1,-203.87, then owed J. E. Boles, by the said Patrick Worthington, without the consent of the said J. E. Boles *and with the intent then and there to deprive the said J. E. Boles of the value of the same* and to appropriate it to the use and benefit of him the said Patrick Worthington * * *"

(The italicized portion was omitted from this indictment.) See: State v. Stephens, 32 Tex. 155, 156; Willson's Tex.Crim. Forms, 7th Ed.

Since the indictment is fatally defective, the judgment is reversed and the cause is remanded.

ONION, P. J., not participating.