Ramona **MARTINEZ**, Appellant,

v.

**STATE** of Texas, Appellee.

Trina **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 46562, 46564.

Court of Criminal Appeals of Texas.

May 9, 1973.

No Attorney on Appeal for appellant.

Alton R. Griffin, Dist. Atty., and Richard Palmer, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

DALLY, Commissioner.

Each appellant was convicted for the theft of personal property under the value

of five dollars; the punishment for each, a fine of twenty-five dollars.

On original submission the causes were remanded, by a per curiam opinion, for proper sentences, because the record reflects that the sentence was imposed upon each appellant in absentia. The State urges that it was unnecessary to remand the cases because the offenses were punishable by a fine only. See Millman v. State, 487 S.W.2d 750 (Tex.Cr.App.1972).

We have re-examined the record in each case and find the judgments must be reversed because the pleadings in the record do not support the judgments.

The appellants were charged by complaint and information with the offense of shoplifting. The pertinent part of the pleading reads the same in each case, except for the name of the defendant, and is as follows:

" . . . One, Ramona Martinez, being an invitee and licensee in a retail business establishment, to-wit: Cooks Discount Store, did then and there unlawfully and fraudulently remove from its place in such store one (1) pair of slacks of the value of less than Fifty Dollars ($50.00) which said article was displayed for sale, with the intent to deprive Larry Combs, the owner thereof of the value of the same and with the intent to appropriate the same to the use and benefit of the said Ramona Martinez."

The judgment, in part, in each case recites that:

" . . . the defendant . . . pleaded guilty to the lesser included offense to the Information herein, and a jury being waived, the court, upon such plea of guilty, finds the defendant guilty of the lesser included offense of the offense charged in the information herein, to-wit: Theft Under Five Dollars ($5.00)."

■ Shoplifting and theft are separate and distinct offenses. Neither is a lesser included offense of the other.

■ A pleading charging theft must allege the owner's lack of consent to the taking of the property. Moore v. State, 473 S.W.2d 523 (Tex.Cr.App.1971); Long v. State, 39 S.W. 674 (Tex.Cr.App.1897) and see Kitchen v. State, 124 Tex.Cr.R. 358, 62 S.W.2d 144 (1931) and 5 Branch's Ann.P.C.2d ed. 86, Sec. 2638.

■ Lack of consent to the taking of the property is not an essential element of the offense of shoplifting. Henderson v. State, 362 S.W.2d 322 (Tex.Cr.App.1962) and Calzada v. State, 416 S.W.2d 429 (Tex. Cr.App.1967).

The real question here is not whether theft is a lesser included offense to shoplifting, but it is whether the pleading contains all the necessary allegations to charge the offense for which the accused stands convicted. See Woodley, Included Offenses, 20 Tex.Bar.J. 687 (1957).

■ It will be observed that the pleading as quoted above does not allege the owner's lack of consent to the taking of the property. The pleading is not sufficient to allege the offense of theft, and it will not sustain the conviction for the offense of theft. See Huntsman v. State, 12 Tex. Ct.App. 619 (1882).

For the reason stated, the judgments are reversed and the causes are remanded.

Opinion approved by the Court.