Kelly Gene REYNOLDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 51286.

Court of Criminal Appeals of Texas.

Nov. 3, 1976.

On State's Motion for Rehearing
Feb. 23, 1977.

Rehearing Denied March 23, 1977.

Ken McLean, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Larry E. Meyer, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

The jury found appellant guilty of theft of a billfold and money under V.T.C.A., Penal Code, § 31.03(d)(4)(B) (1974). It assessed his punishment at confinement for a period of ten years.

The complaining witness, George Scearce, testified that while he was at the cigar counter in the Walgreen Store in downtown Houston appellant removed his billfold from his pocket but Scearce was able to snatch it out of appellant's hands before he could leave the store. Scearce pursued appellant and, with the help of two cadet police officers in training to become police officers in Houston, captured the appellant

several blocks from the scene of the robbery. The complaining witness positively identified appellant as the one who extracted his billfold from his pocket and the student policemen identified appellant as the one they caught after a chase on the streets of downtown Houston.

■ In his first ground of error, appellant contends that the indictment is fatally defective in that it failed to allege that the theft was " 'without the alleged owner's effective consent.' " No motion to quash or exception to the sufficiency of the indictment was filed nor was the alleged deficiency mentioned in the motion for new trial; instead, the ground is urged for the first time upon appeal.

The challenge to the indictment comes late for our consideration. In *American Plant Food Corporation v. State*, 508 S.W.2d 598, 604 (Tex.Cr.App.1974), Judge Odom, speaking for the Court, held:

"Only if the defect [in the indictment] be of such a degree as to charge no offense against the law, and thereby be void, will the exception to the substance be considered for the first time on appeal under Article 27.08(1), supra [V.A.C.C.P.]."

■ Thus, in order to reach this complaint, we must determine whether the indictment charged an offense under the statute. We say, as we did in *American Plant Food Corporation v. State,* supra, that issues cognizable under Article 27.08, V.A.C. C.P., may be considered even when raised for the first time on appeal. Thus, we must determine if the indictment contained all of the constituent elements of the offense as defined by the statute.

The charging part of the indictment reads:

"Kelly Gene Reynolds, hereinafter referred to as the Defendant, heretofore on

or about April 1, 1974, did then and there unlawfully exercise control over property, namely, one billfold and cash money, with the intent to deprive the owner, George Scearce, hereafter styled the Complainant, of the property, and the Defendant stole the property from the person of the Complainant."

Theft is defined in § 31.03, V.T.C.A., Penal Code (1974):

"(a) A person commits an offense if, with intent to deprive the owner of property:

(1) he obtains the property unlawfully; or

(2) he exercises control over the property, other than real property, unlawfully.

"(b) Obtaining or exercising control over property is unlawful if:

(1) the actor obtains or exercises control over the property *without the owner's effective consent.*" (emphasis supplied) [1]

It is to be noted that the indictment contained no language which embraced the concept of lack of the owner's effective consent although the conclusionary allegation is made that appellant "unlawfully exercise[d] control over property." Thus, the question is squarely presented: Does an indictment which attempts to charge theft state an offense when it omits an allegation that the possession of the property was obtained without the owner's effective consent? We answer our question in the negative for the reasons now to be stated.

The rule governing the question, *before* the adoption of the new penal code, was aptly stated in *Martinez v. State,* 494 S.W.2d 182, 183 (Tex.Cr.App.1973):

"A pleading charging theft must allege the owner's lack of consent to the taking of the property. *Moore v. State,* 473

---

1. Section 31.03 was amended in 1975 (after the date involved in this case), to read:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent."

This statutory change does not affect the result which we reach in this case since the phrase "without the owner's effective consent" is present in the amendment.

S.W.2d 523 (Tex.Cr.App.1971); *Long v. State*, 39 S.W. 674 (Tex.Cr.App.1897) and see *Kitchen v. State*, 124 Tex.Cr.R. 358, 62 S.W.2d 144 (1931) and 5 Branch's Ann. P.C.2d ed. 86, Sec. 2638."

Appellant argues that the legislative intention is clear since the statute now contains the same requirement and provides a definition of "effective consent" in Section 31.01(4).[2] Support of this contention is to be found in the suggested form of indictment in such cases. See *Morrison & Blackwell,* New Texas Penal Code Forms, § 31.-03E, p. 38 (1973), where an indictment for theft from the person includes the phrase "without the effective consent of the owner."

Similarly, in McClung, Jury Charges for Texas Criminal Practice, p. 131 (Rev.Ed. 1973), the element of "effective consent" is included in a charge of theft by the issuance of a check with insufficient funds to cover the same (charging theft under Section 31.03).

In *Musick v. State*, 121 Tex.Cr.R. 616, 51 S.W.2d 715, 716 (1932), this Court wrote:

"It is elementary, as well as statutory, that the essential element of theft is that the property be taken not only fraudulently but *without the consent of the owner*, with the intent to deprive the owner of the value and appropriate the property to the benefit of the taker. . . . [I]t is said that the definition of larceny which omits 'without the consent of the owner' is now universally conceded to be defective." (emphasis supplied)

See and compare *Worthington v. State*, 469 S.W.2d 182, 183 (Tex.Cr.App.1971), holding an indictment defective which contained the phrase "without the consent" of the owner but omitted an allegation of the specific intent to deprive the owner of such property. *Musick v. State,* supra, was cited in *Worthington,* supra.

■ By statute [Article 21.03, V.A.C.C.P. (1966)], and decisional law [e.g., *Antwine v. State*, 518 S.W.2d 830, 831 (Tex.Cr.App. 1975)], "[E]verything should be stated in an indictment which is necessary to be proved." And, another rule of equal validity is expressed thusly: "Ordinarily an indictment drawn in the language of the statute is sufficient." *Ames v. State*, 499 S.W.2d 110, 114 (Tex.Cr.App.1973).

■ We still recognize as applicable the rule stated in *Selvidge v. State*, 126 Tex. Cr.R. 489, 72 S.W.2d 1079, 1080 (1934): "An indictment to be sufficient must specifically allege every constituent element of the offense and leave nothing to inference or intendment."

Tested by the rules set out herein, we conclude that the indictment in this case was fatally defective in failing to charge each of the constituent elements of the offense of theft; and, the failure to include an averment that the theft of the property was without the effective consent of the owner rendered it fatally defective.

■ The legislature has seen fit to include the phrase in the new statutory crime; and, since it has been so included, it is presumed that the legislature had knowledge of the many prior holdings of this Court requiring the language to be included in the indictment. See *Stratmon v. State*, 169 Tex.Cr.R. 188, 333 S.W.2d 135, 138 (1960), and authorities therein cited. In adopting the new statute defining theft, the legislature retained as an element of the offense the lack of the owner's consent to the appropriation of the property. In

---

**2.** See also the definition of "effective consent" appearing in Section 1.07(a)(12), V.T.C.A., Penal Code (1974):

"'Effective consent' includes consent by a person legally authorized to act for the owner. Consent is not effective if:

(A) induced by force, threat, or fraud;

(B) given by a person the actor knows is not legally authorized to act for the owner;

(C) given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to be unable to make reasonable decisions; or

(D) given solely to detect the commission of an offense."

*Parrish v. State,* 126 Tex.Cr.R. 308, 71 S.W.2d 274, 276 (1934), the Court wrote:

"Such re-enactment has been generally regarded by courts and text-writers as equivalent to a re-enactment of the statute amounting to legislative approval of the interpretation of the statute previously given by the courts."

*Accord: Willis v. State,* 141 Tex.Cr.R. 297, 148 S.W.2d 397, 400 (1941); *Lamkin v. State,* 138 Tex.Cr.R. 311, 136 S.W.2d 225, 227 (1940).

Appellant's first ground of error is sustained and the judgment of the trial court is reversed and the cause dismissed.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The majority holds that the indictment for theft is fundamentally defective because it does not allege that Reynolds exercised control over the property "without the owner's effective consent." There was no exception or motion to quash the indictment. Appellant and his attorney knew he was charged with theft and neither has to this day claimed they did not have notice of what he had to defend against.

The indictment is drafted in broader language than the statute but without consent is included in the allegations. It alleges that Reynolds did unlawfully exercise control over the property of the owner and that the "Defendant" stole the property "from the complainant (the owner)." A layman or anyone else can readily see from the reading of the charging part of the indictment that Reynolds stole the property which includes lack of consent. One cannot steal with the consent of the owner.

The new Penal Code was drafted with the intent to eliminate many of the archaic practices which had become entrenched in our law and which served no useful legal purpose. In *Gonzales v. State,* 517 S.W.2d 785 (Tex.Cr.App.1975), this Court recognized that the new Penal Code altered in some way the pleading requirements in burglary. There the Court stated:

". . . Under the definitions of burglary and theft contained in the V.T.C.A., Penal Code, effective January 1, 1974, supra, although the proof will involve the necessity of establishing the *intent* to commit the offense of theft (Sections 31.02 and 31.03, V.T.C.A., Penal Code), the constituent elements of the particular theft or intended theft need not be alleged in an indictment or information for burglary with intent to commit theft."

Both the "technical" meaning and "common usage" of the term "steal" carry with their use "without the owner's effective consent." See *Baldwin v. State,* 538 S.W.2d 109 (Tex.Cr.App.1976), where this Court held that the indictment which charged the accused ". . . did then and there unlawfully, knowingly and intentionally steal a Master Charge credit card belonging to and from Brenda White" was sufficient to charge an offense of credit card abuse and that theft did not have to be defined. In the *Baldwin* case as in the present case there was no motion to quash the indictment.

This Court should not hold the indictment fundamentally defective.

OPINION

ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

■ On original submission, we held that the theft indictment in this case was fundamentally defective. At the time of the offense, V.T.C.A., Penal Code, § 31.03 (1974), provided:

"(a) A person commits an offense if, with intent to deprive the owner of property:

"(1) he obtains the property unlawfully; or

"(2) he exercises control over the property, other than real property, unlawfully.

"(b) Obtaining or exercising control over property is unlawful if:

"(1) the actor obtains or exercises control over the property without the owner's effective consent; or

"(2) the property is stolen and the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen."

The indictment herein alleges, *inter alia*, that the appellant:

" . . . did then and there unlawfully exercise control over property, namely one billfold and cash money, with the intent to deprive the owner, George Scearce, hereinafter styled the Complainant, of the property, and the Defendant stole the property from the person of the Complainant."

No motion to quash or exception to the sufficiency of the indictment was filed nor was the alleged deficiency mentioned in the motion for new trial. On appeal, appellant urged that the indictment was fatally defective as it failed to allege the theft was "without the owner's consent." On original submission we agreed.

On rehearing the State argues that in the 1974 Penal Code the various theft statutes were consolidated into one offense, V.T. C.A., Penal Code, § 31.03, and that the elements of the one offense are found in subsection (a) of § 31.03 and include the element of "unlawfully." It contends that subsection (b) merely defines "unlawfully" for the purpose of the theft statute, and the phrase "without the owner's effective consent" is found only in the definition of

"unlawfully" and is not an element of the theft offense.

The Practice Commentary to said § 31.03 appears to support the State's position when it states:

"The new theft offense consists of the following elements: (1) with intent to deprive (2) the owner (3) of property, the actor (4) obtains the property or exercises control over the property (other than real property) (5) unlawfully." See and cf. 2 Branch's 3rd ed., Texas Ann.Penal Statutes, § 31.03, p. 404 (suggested form of indictment).

Under the State's theory, there is no need to allege "without the owner's effective consent" as this phrase is found only in the definition of when obtaining or exercising control is "unlawful" and that the allegation in the instant indictment that the appellant "unlawfully" exercised control over property satisfies the requirement that the elements of an offense be pleaded.[1]

The State further takes issue with the manner in which the question was stated in the opinion on original submission. There it was stated that the question presented was:

"Does an indictment which attempts to charge theft state an offense when it omits an allegation that the possession of the property was obtained without the owner's effective consent?"

In light of the fact that the indictment alleged "unlawfully exercised control over property" rather than "unlawfully obtain-

1. The previous general theft statute, Article 1410, Vernon's Ann.P.C. (1925), had not changed since its adoption in the original codification of the Penal Code in July, 1856. An indictment for theft under this statute was required to allege the owner's lack of consent to the taking of property. *Huntsman v. State*, 12 Tex.App. 619 (1882); *Kitchen v. State,* 124 Tex. Cr.R. 358, 62 S.W.2d 144 (Tex.Cr.App.1933); *Moore v. State*, 473 S.W.2d 523 (Tex.Cr.App.

1971); *Martinez v. State*, 494 S.W.2d 182 (Tex. Cr.App.1973). Certain other statutes, defining crimes related to theft, and absorbed into the current theft statute in 1974, did not require allegations of lack of consent of the owner. *Henderson v. State*, 362 S.W.2d 322 (Tex.Cr. App.1962) [Article 1436(e), Vernon's Ann.P.C., Shoplifting]; *Maxwell v. State*, 509 S.W.2d 338 (Tex.Cr.App.1974) [Article 1410, Vernon's Ann. P.C., Theft by false pretext].

ed," the State's suggestion has merit insofar as the wording of the question presented.[2]

The question is thus restated:

"Does an indictment which attempts to charge theft state an offense when it alleges that the defendant 'unlawfully exercised control over property' but fails to allege that such control was 'without the owner's effective consent.'"

In light of the State's theory of the case, we observe that V.T.C.A., Penal Code, § 1.07(a)(36), provides:

" 'Unlawful' means criminal or tortious or both and includes what would be criminal or tortious but for a defense not amounting to justification or privilege."

The State argues that this definition of "unlawful" is used in a general sense in a general statute and that the definition of "unlawful" found in subsection (b) of said § 31.03 is a more restrictive definition applicable to the special statute defining theft. While the State's argument has merit, it points up the problem before us. The allegation of "unlawfully" pleads only a conclusion of law omitting the facts necessary to that conclusion. The notice requirements of an indictment under the Texas Constitution[3] are not met by that allegation.

In *Ex parte Cannon,* 546 S.W.2d 266 (Tex. Cr.App.1976), this court in interpreting § 31.03(a) and (b) determined that the offense of theft is comprised of four different sets of possible elements, as follows:

"(1) a person

"(2) with intent to deprive the owner of property

"(3) obtains the property

"(4) without the owner's consent

or

"(1) a person

"(2) with intent to deprive the owner of property

"(3) obtains the property

"(4) which is stolen property

"(5) from another

"(6) knowing it was stolen

or

"(1) a person

"(2) with intent to deprive the owner of property

"(3) exercises control over the property, other than real property

"(4) without the owner's effective consent

or

"(1) a person

"(2) with intent to deprive the owner of property

"(3) exercises control over the property, other than real property

"(4) which is stolen property

"(5) obtained by another

"(6) knowing it was stolen."

In *Ex parte Cannon, supra,* it was said:

"An indictment for theft which does not allege *all* of the elements of *one* of these methods is fundamentally defective." (Emphasis supplied.)

The State's argument that the allegation of "unlawfully" in the instant indictment ren-

---

**2.** V.T.C.A., Penal Code, § 31.01(5) provides: "(5) 'Obtain' means to bring about a transfer or purported transfer of a nonpossessory interest in property, whether to the actor or another."

**3.** See Article I, § 10, Texas Constitution.

ders unnecessary the allegation "without the owner's effective consent" is rejected.

The State's motion for rehearing is overruled.

DOUGLAS, J., dissents for the reasons stated in his dissenting opinion on original submission.