**John D. JOHNSON, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00256–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 18, 1989.

Lionel Mills, Houston, for appellant.

Daniel W. Leedy, Co. Atty., Austin County, Bellville, for appellee.

Before WARREN, DUGGAN and HUGHES, JJ.

## OPINION

HUGHES, Justice.

This is an appeal from a conviction for misdemeanor possession of a prohibited weapon, a switch blade knife. The court found appellant guilty and assessed punishment at seven days in the Austin County jail and a $200 fine. We have not been furnished a statement of facts.

In his sole point of error, appellant argues that, because the judgment recites that he had "been charged with the misdemeanor offense of speeding" and "plead not guilty to the charge," and further recited that appellant is "guilty of the offense of Carrying A Prohibited Weapon, a misdemeanor," the judgment does not conform with the charge and is, therefore, void. The pertinent portion of the judgment is set out below.

> The Defendant having been charged with the misdemeanor offense of speeding in this cause, on this date of January 28, 1988, called for trial, the State appeared by its County Attorney, Daniel W. Leedy, and moved to proceed and the Defendant, JOHN D. JOHNSON, III, appeared with his attorney, Lionel Mills, and announced ready for trial. The Defendant was arraigned and, in open court, plead not guilty to the charge. Whereupon, the Defendant requested that a jury be waived and that this cause be tried before the Court forthwith;
>
> Whereupon, both the State and Defendant were duly afforded ample opportunity to submit such evidence, and advance such information, and discussion, deemed necessary.
>
> IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is guilty of the offense of Carrying A Prohibited Weapon, a misdemeanor, as found by the Court, and that the Defendant committed the offense on November 10, 1987, and that the Defendant be punished by serving seven days in the Austin County Jail, pay a fine of $200 and that said Defendant pay all costs of Court in these proceedings incurred in the amount of $90.50.

The complaint, information, and two reset forms signed by appellant, all stated that appellant was charged with possession of a prohibited weapon. With the exception of the reference to speeding in the

judgment, the only offense mentioned in the entire record is the carrying of a prohibited weapon.

Appellant cites *Martinez v. State*, 494 S.W.2d 182 (Tex.Crim.App.1973), as authority to support his argument that the variance between the charge in the judgment and the other pleadings in the case render the conviction void. *Martinez* is distinguishable. In that case, the court held the pleadings did not support the judgment, because appellants were charged with shoplifting and convicted of theft. In this case, appellant was charged in the information with possession of a prohibited weapon, and found guilty in the judgment of the same charge.

The State contends that the inconsistency in the judgment is the result of a clerical error. In its counterpoint, the State argues that the judgment is not voided by an obvious clerical error, but that it should be reformed. We agree. This Court may reform the sentence and judgment when we have before us the data and evidence to do so. *Harris v. State*, 630 S.W.2d 774 (Tex. App.—Houston [1st Dist.] 1982, no pet.).

In *Brim v. State*, 379 S.W.2d 664 (Tex. Crim.App.1964), the court dealt with the same issue as presented here. The defendant in *Brim* was charged in the information with making false statements in writing with intent to obtain benefits under the Texas Unemployment Compensation Act. However, pursuant to the judgment, the defendant was found guilty of "false swearing," which is a felony. No statement of facts accompanied the record, and there were no bills of exception. The Court of Criminal Appeals reformed the judgment so that it conformed to the information, and found the defendant guilty of making a false statement in writing, with the intent to obtain benefits under the Texas Unemployment Compensation Act.

In the instant case, appellant was charged in the information with possession of prohibited weapon and found guilty in the judgment of the same charge. The recitation stating that appellant pled not guilty to speeding is obviously a clerical error. Therefore, the judgment of the trial court is reformed as stated herein, and as reformed, the judgment of the trial court is affirmed.

DUGGAN, J., dissenting.

DUNN, Justice, dissenting.

I respectfully dissent. The record indicates that appellant was charged by information with the offense of possession of a prohibited weapon. In summary, the judgment recites, "The defendant having been charged with the misdemeanor offense of speeding in this cause," was arraigned in open court, pled not guilty to the charge of speeding, evidence was submitted, and the court found the appellant guilty of the offense of "Carrying A Prohibited Weapon."

The record in this case does not contain a statement of facts. The majority opinion must assume that the evidence presented by the State supports the trial court's finding that appellant is guilty of the offense of carrying a prohibited weapon, that he was actually arraigned on the offense of carrying a prohibited weapon, and that he pled not guilty to that charge.

Speeding and carrying a prohibited weapon are two separate and distinct offenses. Neither is a lessor included offense of the other. Each requires different elements to support conviction. Without the statement of facts this Court cannot determine that the evidence supports the court's finding the appellant guilty of the offense of carrying a prohibited weapon.

In *Brim*, cited by the majority, the record contained evidence that the defendant pled "guilty" to the misdemeanor charge of "making a false statement in writing" and the trial court found the defendant guilty of the felony offense of "false swearing." The reformation was to find the defendant guilty of the misdemeanor offense of "making a false statement in writing."

In this case, appellant plead "not guilty," and the only evidence to show *what* charge he pled "not guilty" to is contained in the judgment of the court. The judgment states he pled not guilty to the offense of "speeding."

In *Brim*, when the defendant pled guilty to the charge as recited in the information, the appellate court did not require a statement of facts to reform the judgment because the record revealed that the offense charged and the offense to which the defendant pled guilty were one and the same. The guilty plea dispensed with the need for a statement of facts to reform the judgment and support the guilt of the defendant as reformed.

In this case, I would find that there is insufficient "data and evidence" to allow a reformation of this judgment and would sustain appellant's point of error.